**Alfred W. VIBBER, Plaintiff,**

v.

**UNITED STATES RUBBER COMPANY,**
**Defendant.**

**No. 66 Civ. 34.**

United States District Court
S. D. New York.

June 15, 1966.

Briskin & Goldfarb, New York City, for plaintiff; Nathan M. Briskin, New York City, of counsel.

Arthur, Dry, Kalish, Taylor & Wood, New York City, for defendant; Harvey E. Bumgardner, Jr., James R. Hulen, New York City, of counsel.

FRANKEL, District Judge.

Plaintiff, a New York resident, holds Patent No. 3,192,698, issued on July 6, 1965, covering improvements in "Twisting Spindle Balloon Controls." His complaint charges that defendant has been and is infringing the patent "by making, causing to be made, selling and causing to be sold and using or causing to be used, within the District and elsewhere * *, Controls made in accordance with and embodying the invention * * *." Defendant has moved under Rule 12(b), Fed.R.Civ.P., and 28 U.S.C. § 1406(a) to dismiss for improper venue, or, alternatively, to transfer the action to the District of New Jersey.

The governing statute, 28 U.S.C. § 1400(b), provides:

"Any civil action for patent infringement may be brought [1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business."

The pertinent facts, insofar as they are developed in the opposing affidavits, are these:

Defendant is a New Jersey corporation. Its principal offices, from which emanate top managerial policies and controls, are in New York City. It has offices, factories, research and testing facilities, and other business installations throughout the United States. It has never "made,"

"sold," or "used"—at least in the sense of the physical acts denoted by the quoted words—any twisting spindle balloon controls or any spinning apparatus of any kind within this District. However, plaintiff emphasizes, the chief officers with overall supervision of defendant's far-flung activities, including the conduct attacked in this lawsuit, are in the New York City main office.

The foregoing facts, plaintiff claims, establish venue here under either of the alternatives in § 1400(b). Defendant argues that neither is satisfied.

1. As to the first of plaintiff's alternatives—that this is the District "where the defendant resides"—"residence" within § 1400(b) "mean[s] the state of incorporation only * * *." Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 226, 77 S.Ct. 787, 790, 1 L.Ed.2d 786 (1957); see also Brevel Products Corp. v. H & B American Corporation, 202 F.Supp. 824, 826 (S.D. N.Y.1962). It makes no difference for this purpose that this District embraces defendant's principal office. See, e. g., Kierulff Associates v. Luria Brothers & Company, 240 F.Supp. 640, 641 (S.D.N.Y. 1965). Section 1400(b) carried forward the design of its predecessor statute "to define the exact limits of venue in patent infringements suits", Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 566, 62 S.Ct. 780, 783, 86 L.Ed. 1026 (1942), and "specifically to narrow venue in such suits", Pure Oil Company v. Suarez, 384 U.S. 202, 207, 86 S.Ct. 1394, 1397, 16 L.Ed.2d 474 (1966). These objectives, of certainty and restrictiveness, are served by adhering to the precise construction the Supreme Court has announced.

Resisting this conclusion, plaintiff invokes § 503(c) of the New York Civil Practice Law and Rules, which declares that a foreign corporation, for New York venue purposes, "shall be deemed a resident of the county in which its principal office is located * * *." This statute, he says, is "binding upon the United States District Court in this ac-

tion." Plaintiff is patently wrong. Section 1400(b) states the governing federal rule, prescribing venue requirements in the exclusively federal domain of patent claims. Its meaning is a question for uniform federal determination, not dependent upon or subject to the vagaries of state law. Cf. Jerome v. United States, 318 U.S. 101, 104, 63 S.Ct. 483, 87 L.Ed. 640 (1943); MacGregor v. Westinghouse Elec. & Mfg. Co., 329 U.S. 402, 407, 67 S.Ct. 421, 91 L.Ed. 380 (1947).

It is clear, in a word, that defendant, a New Jersey corporation, does not "reside" in this District within the meaning of the first clause of § 1400(b).

2. The problem posed under the second clause is more difficult. There is no question that defendant "has a regular and established place of business" here. The uncertainty relates to the conjoined requirement in this clause that defendant must have "committed acts of infringement" within the District. As noted earlier, defendant's affidavits state broadly that it has not "made" or "sold" or "used" any of the accused equipment here. Plaintiff, while he does not dispute the physical facts upon which defendant apparently relies, counters that "the general offices and place of business in the Southern District of New York are the 'brains' of the company and the hub and nerve center of the defendant's operations." Unfortunately for both sides, the specific facts required for an intelligent application of the venue statute are not adequately discoverable in these polar generalities.

On the one hand, it is not enough to demonstrate the absence of "acts of infringement" in this District that the mechanics of manufacture, sale, or use may transpire elsewhere. If the conduct in question is specifically controlled, ordered, and supervised by people in New York, their activities could well satisfy this venue requirement. Carolyn Chenilles, Inc. v. Ostow & Jacobs, Inc., 168 F. Supp. 894, 897 (S.D.N.Y.1958).

On the other hand, plaintiff draws too long a bow when he says it is

**50**

sufficient that defendant's "hub and nerve center" is in this District. If general, overall management from a head office always encompasses "acts of infringement" no matter where the physical behavior occurs, this District and a few others similarly (though to a lesser degree) favored as administrative headquarters fall heir to a potential monopoly of patent litigation against corporate defendants. It is more than a matter of self-defense to say that this is a dubious application of § 1400(b). For one thing, if the location of a "principal office" has this consequence, the first clause of the statute is automatically expanded beyond the meaning it has been assigned: a corporate defendant becomes suable at its headquarters as well as its place of incorporation. While the prospect of such self-contradiction in the statute is not a decisive argument, it has weight. Cf. C-O-Two Fire Equipment Co. v. Barnes, 194 F.2d 410, 413–414 (7th Cir.), aff'd by an equally divided Court, 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 695 (1952). It is at least pertinent that Congress, where it has meant venue to lie where there is a "principal office" in addition to the place of "residence," has known how to say so. See, e. g., 46 U.S.C. § 688 (Jones Act); Pure Oil Company v. Suarez, supra.

■ Furthermore, in coupling "acts of infringement" with a "place of business" to constitute the venue test of the second clause, Congress appears to have contemplated a place for trial where there would be "first-hand visual and audible knowledge of the conditions, the environment and the art itself and the testimony of the most competent witnesses." Ruth v. Eagle-Picher Company, 225 F.2d 572, 577 (10th Cir. 1955). These ends may be served in the place of the "principal office" if managerial personnel there actually participate directly, concretely, and with some detailed attention in the acts

alleged to constitute infringement. See Carolyn Chenilles, Inc. v. Ostow & Jacobs, supra, 168 F.Supp. at 897. They are not served if the principal office is at a relatively Olympian remove, from which there is little or no condescension upon the day-to-day efforts that may comprise alleged "acts of infringement."

■ From the papers before us, it is not possible to know with assurance the concrete facts affecting this venue problem. The burden is plaintiff's, Phillips v. Baker, 121 F.2d 752, 756 (9th Cir. 1941), cert. denied, 314 U.S. 688, 62 S.Ct. 301, 86 L.Ed. 551 (1942); 1 Moore, Federal Practice 1326–7 (2d ed. 1964), and he has not thus far sustained it. But the facts are known peculiarly to defendant, and the demonstration as to venue should emerge as the substance of the case is developed.

■ This appears, in short, to be a case where venue and merits are so far intertwined that it is "better to wait until trial where a full presentation of the issue can be made, rather than rule preliminarily on a motion." Kierulff Associates v. Luria Brothers & Company, supra, 240 F.Supp. at 642. To be sure, such a course exposes plaintiff to the risk of a defeat on the venue question after trial despite a record favoring him on the merits—i. e., showing "acts of infringement" but only outside this District. The risk is avoidable, however, at plaintiff's option; he is free to begin this new action afresh in New Jersey or some other district where venue is not contested. As for defendant, while its venue defense may ultimately prevail, it has not shown that a trial here to accomplish that end entails oppressive burdens.

For the reasons stated, the motion is denied without prejudice to renewal at trial.

So ordered.