Chauncey TOOMBS and Chauncey Toombs d/b/a Cooper T. Products, Plaintiffs,

v.

Gayle GOSS and Gayle Goss d/b/a Aerostar West, et al., Defendants.

No. CIV-90-1131S.

United States District Court, W.D. New York.

July 23, 1991.

Steven G. Munson, Buffalo, N.Y., for plaintiffs.

Hedwig M. Auletta, Damon & Morey, Buffalo, N.Y., for defendants.

## DECISION AND ORDER

SKRETNY, District Judge.

### INTRODUCTION

Now before me is the motion of defendant Sheridan Products ("Sheridan") to dismiss the Complaint for lack of personal jurisdiction, improper venue and insufficiency of process, pursuant to Fed.R.Civ.P. 12(b)(2), 12(b)(3) and 12(b)(4), respectively. Sheridan brings this motion instead of filing an Answer.

This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1338(a).

Plaintiffs Chauncey Toombs and Chauncey Toombs, d/b/a Cooper T. Products ("plaintiffs") sue Sheridan, one of fifty-three defendants, for patent infringement.[1] According to the First Amended Complaint, the alleged infringed item consists of a bolt for use in various paintball guns (the "guns.")

In support of its motion Sheridan has submitted a legal memorandum ("Sheridan memo.") and the affidavits of Raymond Katt ("Katt") and Hedwig Auletta, Esq. In opposition to Sheridan's motion, plaintiffs have submitted an affidavit in Response ("Response Affidavit") which essentially amounts to a legal memorandum and not an evidentiary submission.

In ruling on Sheridan's motion, I have considered these submissions as well as oral argument held on June 18, 1991.

Conclusion: For the reasons set forth below, I find that this district is not a proper venue for plaintiffs' lawsuit against Sheridan and therefore grant Sheridan's motion to dismiss for lack of proper venue.

1. None of Sheridan's co-defendants join in the present motion.

I do not reach the issues of personal jurisdiction or insufficiency of process.

## DISCUSSION

### Venue

28 U.S.C. § 1400(b) ("§ 1400(b)") supplies the venue rule in a patent infringement action such as this. It provides that

Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

For purposes of 28 U.S.C. § 1400(b) it had long been recognized that a corporation's place of residence was its state of incorporation. *See, e.g., Dual Manufacturing & Engineering, Inc. v. Burris Industries, Inc.*, 531 F.2d 1382 (7th Cir.1976). However, due to Congress' recent amendment of 28 U.S.C. § 1391(c), for purposes of § 1400(b) a corporation now is a resident of a district if it is subject to personal jurisdiction in that district. *VE Holding Corporation v. Johnson Gas Appliance Company*, 917 F.2d 1574 (Fed Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1315, 113 L.Ed.2d 248 (1991).

In this case, the Amended Complaint is devoid of any allegations that Sheridan is subject to personal jurisdiction in this district. Therefore, I next must consider whether plaintiff's lawsuit is properly venued in this district under the second half of § 1400(b). Whether or not proper venue lies in this district with respect to Sheridan depends on whether Sheridan "... has committed acts of infringement and has a regular and established place of business" in the Western District of New York. 28 U.S.C. § 1400(b). Both conditions must be met, i.e. acts of infringement *and* regular and established place of business, for proper venue to lie here in the Western District of New York.

### Alleged Acts of Infringement & Regular And Established Place Of Business

With respect to Sheridan's alleged infringement and whether it has a regular and established place of business in this district, plaintiffs' Amended Complaint fails to allege that Sheridan has directly or independently satisfied either requirement.

The acts which constitute infringement of a patent are set forth in 35 U.S.C. § 271. Nowhere in their Amended Complaint do plaintiffs allege which provision of this statute they rely on to establish Sheridan's alleged infringement for venue purposes—and nowhere do plaintiffs allege that Sheridan's alleged actions, alone, constitute patent infringement. Similarly, plaintiffs do not allege that Sheridan has a regular and established place of business in this district by or through its own independent action.

Instead, plaintiffs attempt to create venue by linking Sheridan with Pursuit Marketing, Inc. ("PMI"), another of the named defendants in this action, which sells products manufactured by Sheridan. According to plaintiffs, PMI has also infringed plaintiffs' patent and has a regular and established place of business in this district. Although plaintiffs do not specify, they seem to be arguing that this "intermingling" theory, as they term it, goes to establish venue here vis-a-vis Sheridan's alleged patent infringement *and* its regular and established place of business—both conditions which must be satisfied to find venue in this district with respect to Sheridan.

Specifically, plaintiffs argue that venue is proper in this district because PMI, not a party to this motion, is the exclusive national wholesaler and retailer of PMI brand name guns and that Sheridan manufactures PMI brand name guns for PMI. According to plaintiffs, PMI has a regular and established place of business in the state of New York. (Response Affidavit, ¶¶ 5–6). Next, plaintiffs contend not only that PMI exists "... for the benefit and promotion ..." of Sheridan but that "... but for the existence ..." of PMI, Sheridan would have no market for its manufactured goods. (Response Affidavit, ¶ 12). It is this "... intermingling ..." or "dependence" of PMI and Sheridan which plaintiffs argue creates venue in this district with respect to Sheridan. (Response Affidavit, ¶¶ 5–6). More specifically, along these

lines, plaintiffs contend that PMI's president acquired the plaintiffs' patented information and transmitted it to Sheridan, whereupon Sheridan utilized this information in manufacturing guns for PMI. (Response Affidavit, ¶¶ 8–9).

In making their "intermingling" argument, plaintiffs rely on *Kierulff Associates v. Luria Brothers & Company, Inc.,* 240 F.Supp. 640 (S.D.N.Y.1965), a case which is clearly distinguishable from this case. In *Kierulff,* the Southern District addressed the propriety of venue over a defendant in a patent infringement lawsuit where the defendant was alleged to have induced an act of infringement of a separate corporation located within the district. Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Although the Court focused on facts suggesting that the defendant exercised control over the infringing corporation,[2] the Court did not actually rule that it had proper venue but deferred on the venue issue pending discovery of more facts relating to the interconnection between the defendant and the corporation.

In this case, however, there are no allegations that Sheridan exercised control over PMI or is intertwined with PMI within the theory discussed in *Kierulff.* Plaintiffs do not allege that Sheridan in any way directs the operation of PMI which might suggest an inducement to infringe claim. In fact, if anything plaintiffs allege just the opposite, that PMI directs "... the manufacture of products by Defendant Sheridan." (Response Affidavit, ¶ 5).[3]

Even if I were to find that plaintiffs have somehow alleged that Sheridan committed acts of infringement within this district through some form of inducement, or other relationship to PMI, which I do not, plaintiffs have not alleged that Sheridan has a

regular and established place of business in this district.

There are simply no allegations in the Amended Complaint that Sheridan has a regular and established place of business in this district. In fact, the only evidence before me indicates that Sheridan does not maintain a regular and established business in this district. (Katt, ¶ 6).

Maintaining a "... regular and established place of business ..." for patent infringement venue purposes involves more than just "doing business." *See, IPCO Hospital Supply v. Les Fils D'Auguste, Etc.,* 446 F.Supp. 206, 208 (S.D.N.Y.1978) (" 'It must appear that a defendant is regularly engaged in carrying on a substantial part of its ordinary business on a permanent basis in a physical location within the district over which it exercises some measure of control.' ") (citations omitted). However, as discussed above, plaintiffs' only allegations with respect to this requirement is that Sheridan's relationship with PMI, which plaintiffs contend has a regular and established place of business in this district, somehow translates into Sheridan's maintenance of such a place of business here.

Furthermore, even assuming *arguendo* that plaintiffs can bootstrap the requirement that Sheridan have a regular and established place of business in this district through the fact that PMI allegedly maintains a regular and established business here, plaintiffs nowhere allege that PMI has a regular and established place of business in this district. Instead, at most, plaintiffs have arguably alleged that PMI is doing business in this district, not enough to establish venue for PMI (and of course, therefore, Sheridan's venue via PMI is even more attenuated). For example, plaintiffs contend that "... 'PMI' conducts regular business within the State of

---

2. The indicia of such control were the facts that defendant and the alleged infringing corporation had offices at the same address, had a parent subsidiary relationship, shared common board members and executives and that the defendant directed various operations of the infringing corporation.

3. I also note that in *Kierulff,* the plaintiff relied on an "intermingling" theory to establish that the defendant *infringed a patent* for venue purposes and not, as plaintiffs attempt to do in this case, to establish *both* infringement and regular and established business. In that case, it was undisputed that the defendant's regular and established business was in the venue district.

New York...." (Response Affidavit, ¶ 5). Plaintiffs also contend that PMI distributes the guns to some retailers "... which maintain a regular place of business within the State of New York and the Western District of New York." (Response Affidavit, ¶ 11). Therefore, plaintiffs' contentions undercut their own theory that venue in this Court is proper over Sheridan vis-a-vis PMI's maintenance of a regular and established place of business in this district.

Alternatively, plaintiffs appear to argue that this Court should dispense with the patent infringement venue requirement of § 1400(b) in a case such as this where an alleged infringing manufacturer (Sheridan) sells the alleged infringing item through a distributor (PMI). In essence, plaintiffs argue that without distributors such as PMI, Sheridan would have no ability to sell its product and, therefore, could not be deemed an infringer. (Response Affidavit, ¶ 16). Plaintiffs, however, miss the mark with this argument. The only issue now before me is whether this district is a proper venue for plaintiff's patent infringement suit against Sheridan and not whether Sheridan can be sued as an alleged infringer at all. Plaintiffs are free to pursue their patent infringement theory against Sheridan in the proper forum.

 Plaintiffs also argue that if this Court dismisses Sheridan for improper venue, plaintiffs will be forced into another forum to litigate the same issues—which, since there are multiple defendants, could force plaintiffs "... to litigate the merits of this case in as many as 45 separate forums...." (Response Affidavit, ¶ 18). Along these lines, at oral argument plaintiffs argued that because they allege a conspiracy involving several of the defendants, venue should be proper wherever any one defendant meets the venue requirement of § 1400(b). Plaintiffs cite no authority for this proposition and I can locate none for a very good reason. A district court cannot dispense with the explicit patent venue requirement which Con-

gress has created. Congress has not created an exception to § 1400(b) in cases involving multiple defendants or conspiring defendants. I have no authority to create such an exception to the statute and will not do so now.

Lastly, plaintiffs argue that forcing them into another forum will merely necessitate plaintiffs' motion for transfer back to this district under 28 U.S.C. § 1404(a) (forum non conveniens). However, plaintiffs could not transfer their lawsuit back to this district for convenience, since under that statute plaintiffs could only transfer their action to a venue where their action "... might have been brought." 28 U.S.C. § 1404(a). As already discussed, for purposes of plaintiffs' lawsuit against Sheridan, venue in this district is improper.

Since I dismiss plaintiffs' lawsuit against Sheridan for improper venue pursuant to Fed.R.Civ.P. 12(b)(3), I do not and need not reach the remainder of Sheridan's motion.

## CONCLUSION

For the reasons set forth above, I conclude that this district is an improper venue for plaintiffs' lawsuit against Sheridan and, therefore, dismiss plaintiffs' lawsuit as against Sheridan.

## ORDER

IT HEREBY IS ORDERED, that this Court dismisses plaintiffs' lawsuit against defendant Sheridan Products for improper venue pursuant to Fed.R.Civ.P. 12(b)(3).

FURTHER, that this Court directs the Clerk of the United States District Court for the Western District of New York to dismiss plaintiffs' lawsuit against defendant Sheridan Products in accordance with this opinion.

SO ORDERED.