IPCO HOSPITAL SUPPLY CORPORA-
TION (WHALEDENT INTERNA-
TIONAL DIVISION), Plaintiff,

v.

LES FILS D'AUGUSTE MAILLEFER
S.A., and Star Dental Manufacturing
Co., Inc., Defendants.

No. 77 Civ. 2088 (MP).

United States District Court,
S. D. New York.

March 7, 1978.

Friedman, Goodman & Teitelbaum, Brooklyn, N. Y., by Abraham Friedman, Brooklyn, N. Y., for plaintiff.

Kenyon & Kenyon, Reilly, Carr & Chapin, New York City, by Robert D. Fier, New York City, for defendant (Star Dental Mfg. Co.).

## OPINION

POLLACK, District Judge.

Defendant, Star Dental Manufacturing Co., Inc. (STAR hereafter), moves before answering under Rule 12(b)(3) of the Federal Rules of Civil Procedure to dismiss the first claim against STAR in the amended complaint, on the ground of improper venue. STAR asserts that plaintiff's claim for alleged contributory patent infringement and inducement to infringe has not been brought, as required by 28 U.S.C. § 1400(b) in a District where STAR has its corporate residence or where it has committed acts of alleged infringement and has a regular established place of business. For the reasons shown below the motion must be granted as hereafter indicated.

By the first claim of the amended complaint, the plaintiff, Ipco Hospital Supply Corporation (IPCO hereafter), seeks to en-

join the defendants from inducing and contributing to the infringement of its U.S. Patent No. 3,434,209, relating to a method for building superstructures on dentition. The method claimed in the patent involves the use of self-threading rods such as those marketed by defendants. The procedure is intended to be practiced primarily in the privacy of a dental office, a circumstance which allegedly makes it impractical to sue direct infringers.

The defendants are charged with inducing and contributing to the infringement of the patent by reason of the fact that they are presently marketing self-threading rods which are "especially made and especially adapted for use in infringement of the patent and not a staple article or commodity of commerce suitable for substantial non-infringing use", and further are instructing the dental profession in the utilization of these rods in accordance with the claims of the patent, thus allegedly inducing infringement of the same. The defendants are assertedly liable for this conduct by reason of sections 271(b) and (c) of the Patent Act of 1952, 35 U.S.C. §§ 271(b)-(c). Jurisdiction is claimed under 28 U.S.C. § 1338(a).

The patent venue statute, 28 U.S.C. § 1400(b) reads as follows:

Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

The venue statute provides two alternative bases for venue in patent infringement cases. A party asserting a claim of patent infringement has the burden of establishing that one of these criteria is satisfied. *See H. Kohnstamm & Co. v. Allied Chemical Corp.,* 182 U.S.P.Q. 360, 361 (S.D.N.Y.1974) (Gagliardi, D. J.); *Mastantuono v. Jacobsen Manufacturing Co.,* 184 F.Supp. 178, 180 (S.D.N.Y.1960) (MacMahon, D. J.).

First, venue lies in the district where the defendant "resides". STAR is incorporated in Delaware. For purposes of

applying the patent venue statute, a corporation "resides" *only* in its state of incorporation. *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); *Rains v. Cascade Industries, Inc.*, 258 F.Supp. 974, 976 (S.D.N.Y. 1966); H. *Kohnstamm & Co. v. Allied Chemical Corp., supra.* Thus venue in New York cannot be founded on residence.

■ The second basis includes two separate elements, both of which must be satisfied. Thus, plaintiff IPCO must show that defendant STAR both "has committed acts of infringement" *and* "has a regular and established place of business" in the Southern District of New York.

> Neither acts of infringement alone, nor the existence of a regular and established place of business alone, will satisfy the venue requirements in a patent suit. Both conditions must concur to meet the statutory criteria.

*Mastantuono v. Jacobsen Manufacturing Co., supra* at 179–80; *accord, Clearasite Headwear, Inc. v. Paramount Cap Manufacturing Co.*, 204 F.Supp. 4, 5 (S.D.N.Y. 1962) (Edelstein, D. J.).

■ Having a "regular and established place of business" involves more than "doing business". To show the existence of a "regular and established place of business" in a district:

> It must appear that a defendant is regularly engaged in carrying on a substantial part of its ordinary business on a permanent basis in a physical location within the district over which it exercises some measure of control.

*Mastantuono v. Jacobsen Manufacturing Co., supra,* at 180; *accord, Coleco Industries, Inc. v. Kransco Manufacturing, Inc.*, 247 F.Supp. 571 (S.D.N.Y.1965) (Tenney, D. J.).

■ Venue under 28 U.S.C. § 1400(b) cannot be satisfied by a showing that *in personam* jurisdiction is available in the district. Thus, the mere presence of sales representatives in the district does not create a "regular and established place of business" for venue purposes in a patent case.

*See Coleco Industries, Inc. v. Kransco Manufacturing, Inc., supra; Clearasite Headwear, Inc. v. Paramount Cap Manufacturing Co.*, 204 F.Supp. 4 (S.D.N.Y.1962). The disparity between the tests for *in personam* jurisdiction and the tests for patent venue preclude reliance by a plaintiff on a state "long-arm" statute to establish venue, where the requirements of 28 U.S.C. § 1400(b) are not met. *Kwake v. Custom Pools, Inc.*, 334 F.Supp. 430 (D.Minn.1971).

■ It is established herein that defendant STAR does not own, lease or control any place of business or "physical location" within the Southern District of New York. Since STAR does not have a "regular and established place of business" within the Southern District of New York, the second basis for patent venue is not satisfied.

■ In arguing otherwise the plaintiff IPCO would have this Court hold that the locus of the infringement is to be construed as the place where the contributory infringer may be said to be doing business within the meaning of the general venue statute, 28 U.S.C. § 1391(c). However, *Fourco Glass v. Transmirra Products Corporation*, 353 U.S. 222, 229, 77 S.Ct. 787, 792, 1 L.Ed.2d 786 (1957) held:

> that 28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c).

Actions for contributory infringement and inducing infringement are exclusively subject to the provisions of section 1400(b) to the same extent as actions for direct infringement. *See Joseph F. Corcoran Shoe Co. v. Frank Noone Shoe Co.*, 164 U.S.P.Q. 341 (S.D.N.Y.1969) (Ryan, D. J.); *Kierulff Associates v. Luria Brothers & Co.*, 240 F.Supp. 640 (S.D.N.Y.1965) (Levet, D. J.); *Watsco, Inc. v. Henry Valve Co.*, 233 F.Supp. 38 (S.D.N.Y.1964) (Edelstein, D. J.).

The claims against defendant STAR in the amended complaint are accordingly severed and in the interests of justice and to avoid any prejudice to the plaintiff said claims are transferred to the Eastern District of Pennsylvania where the suit against

STAR could have been brought. 28 U.S.C. §§ 1404(a), 1406(a). The Clerk is directed to proceed accordingly.

SO ORDERED.