## L. D. SCHREIBER CHEESE CO., INC.

### v.

## CLEARFIELD CHEESE CO., INC.

### Civ. A. No. 77–1032.

United States District Court,
W. D. Pennsylvania.

Aug: 27, 1980.

M. Richard Dunlap, Dickie, McCamey & Chilcote, Pittsburgh, Pa., John P. Milnamow, Dressler, Goldsmith, Shore, Sutker & Milnamow, Ltd., Chicago, Ill., for plaintiff.

Arland T. Stein, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, Chief Judge.

This is an action for patent infringement brought in this court under 28 U.S.C. §§ 1338 and 1400(b). On May 1, 1980, some two and one half years after the commencement of this suit, the plaintiff, Schreiber Cheese, moved, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to amend its complaint by adding yet another party-defendant, H. P. Hood Co. In support of this motion to amend Schreiber Cheese argued that Hood, alone and through the actions of its wholly-owned subsidiary Clearfield Cheese Co., infringed upon the cheese processing patent held by Schreiber. Hood has subsequently entered a special appearance before this court for the limited purpose of objecting to the court's jurisdiction and venue over it as an additional party defendant.

For the reasons stated below we feel that Hood's objections to its addition as a party in this case are well taken. Accordingly, we deny the plaintiff's motion to amend and motion for expedited discovery.

### AMENDMENT OF PLEADINGS UNDER RULE 15(a)

■ The amendment of pleadings is governed under the federal system by Rule 15(a) of the Federal Rules of Civil Procedure. That Rule, in pertinent part, states as follows: "(A) party may amend his pleading only by leave of court or by written consent of the adverse party: and leave shall be freely given when justice so requires." As indicated by the language of Rule 15(a), the decision to allow amendment of a responsive pleading is one which rests ultimately in the discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.* 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). Moreover, although leave to amend should be granted liberally, "where justice so requires"; *see, Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), it is conceded that there are limits to this discretion and that, in certain instances, it would be inappropriate for a court to permit such amendment. For example, it would clearly be improper to grant leave to amend a pleading in an instance where that amendment would unduly prejudice the other parties to the litigation. *See, Zenith Radio Corp. v. Hazeltine Research, Inc., supra.* Generally therefore, the exercise of this judicial discretion over the amendment of pleadings is governed by a balancing process; one which weighs the potential for prejudice resulting from granting the amendment against the risk of prejudice to the moving party if the amendment is denied. *See,* 3 *Moore's Federal Procedure* § 15.08(4), 85–86 (2d Ed. 1978).

■ In determining when the granting of an amendment would be potentially prejudicial courts are frequently guided by the following considerations: the good faith of the party seeking the amendment; *see Vine v. Beneficial Finance Co.,* 374 F.2d 627, cert. denied, 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 460 (2d Cir. 1967); *Danzy v. Johnson,* 417 F.Supp. 426, aff'med, 3 Cir., 582 F.2d 1273 (E.D.Pa.1976), the extent to which there has been an undue delay in proffering the amendment; *see, e. g., Izaak Walton League of America v. St. Clair,* 497 F.2d 849, cert. denied, 419 U.S. 1009, 95 S.Ct. 329, 42 L.Ed.2d 284 (8th Cir. 1974); *Troxel Manufacturing Co. v. Schwinn Bicycle Co.,* 489 F.2d 968 (6th Cir. 1973); *PSG*

*Co. v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 417 F.2d 659 (9th Cir. 1969); *Stiegele v. J. M. Moore Import-Export Co.,* 312 F.2d 588 (2d Cir. 1963), and the degree to which amendment of the pleadings would needlessly delay the final disposition of the case. *See,* e. g., *Izaak Walton League of America v. St. Clair, supra; PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., supra; Albee Homes Inc. v. Litman,* 406 F.2d 11 (3d Cir. 1969). In this case the court believes that several of these indicia of prejudice are present.

■ Initially it is noted that Schreiber Cheese has delayed over two and one half years in bringing this motion before the court. Although this delay may be justified by the plaintiff's lack of knowledge regarding the relationship between Hood and Clearfield, we note that comparable delays have, in the past, been characterized as unduly prejudicial. *See* e. g., *Mercantile Trust Co. N. A. v. Inland Marine Products Corp.,* 542 F.2d 1010 (8th Cir. 1976), (1 year); *Izaak Walton League of America v. St. Clair, supra,* (17 months); *Troxel Manufacturing Co. v. Schwinn Bicycle Co., supra,* (2 years 6 months); *PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., supra,* (19 months); *Stiegele v. J. M. Moore Import-Export Co., supra,* (2 years 6 months); *Klee v. Pittsburgh & West Virginia Ry. Co.,* 22 F.R.D. 252 (W.D.Pa.1958), (2 years 3 months).

More important, however, is the fact that this case, as it presently stands, is on the eve of resolution. Reaching this point has required extensive, and oftentimes very complex, pre-trial discovery. The introduction of yet another party at this late stage would interject new issues into this case, issues which would require even more time for discovery and resolution. Necessarily such discovery would further delay the course of this litigation. For example, if we were disposed to grant plaintiff's motion to amend, then additional discovery would be necessary simply to establish that this court had proper jurisdiction over H. P. Hood Co. in this district. Such delay in the adjudication of these claims is not, in our

view, consistent with the "rule of justice" established in Rule 15(a).

Furthermore, we fail to see how denial of this motion would unduly prejudice the plaintiff. As the actual manufacturer of the processed cheese in question, Clearfield Cheese Co. is the primary party of interest in this case. Schreiber could therefore obtain complete relief, in the form of either an injunction or damages, without the inclusion of H. P. Hood Co. in this lawsuit. Moreover, any judgment obtained by Schreiber against Clearfield would serve as collateral estoppel against other alleged infringers, eliminating the need for extensive additional litigation by the plaintiff in order to enforce its rights. *See, Blonder-Tongue Laboratories Inc. v. University Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Regents of the University of California v. Howmedica Inc.,* 192 U.S.P.Q. 589 (D.Md.1978).

This being the case, it seems that the risk of prejudice to Schreiber cheese would be minimal if we were to deny this motion to amend. Accordingly, when weighing the risk of delay, with its attendant danger of prejudice, against the plaintiff's interest in the inclusion of Hood as an additional party defendant we conclude that leave to amend should not be granted in this case.

■ However, even if this court was disposed to grant the plaintiff leave to amend its complaint we could not do so. Admittedly, the discretion of a district court in granting leave to amend under Rule 15(a) is very broad; however, even this broad discretion is proscribed by certain basic jurisdictional limitations. One of these limitations is the requirement that venue exist over the parties in the judicial district where the action is brought. In the instant case we feel that this requirement is not met with respect to H. P. Hood Co. Accordingly, we also deny the plaintiff's motion on the grounds that venue is improper.

### *THE VENUE REQUIREMENT: 28 U.S.C. § 1400(b)*

Venue in an action for patent infringement is governed exclusively by 28 U.S.C.

§ 1400(b), *Fourco Glass Co. v. Transmirra Products Corp.,* 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), which states as follows: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

■ Initially it should be noted that the venue requirements of this section are stated in the disjunctive; that is, either residence or acts of infringement and a regular place of business in the judicial district will suffice to establish venue. *See* e. g., *IPCO Hospital Supply Corp. v. Les Fils D'Auguste Maillefer,* 446 F.Supp. 206 (S.D.N.Y.1978); *Jeffrey Galion Inc. v. Joy Manufacturing Co.,* 323 F.Supp. 261 (N.D. W.Va.1971). Moreover it should also be noted that, if residence cannot be shown, then one must prove both acts of infringement and a regular place of business in order to establish proper venue. *See* e. g., *IPCO Hospital Supply Corp. v. Les Fils D'Auguste Maillefer, supra; Jeffrey Galion Inc. v. Joy Manufacturing Co., supra.* Finally, once the question of venue under 28 U.S.C. § 1400(b) is raised the burden of proving that venue is proper in a given district lies with the plaintiff. *See, Cordis Corp. v. Cardiac Pacemakers Inc.,* 599 F.2d 1085 (1st Cir. 1979).

For the purposes of 28 U.S.C. § 1400(b) the residence of a corporation is defined as the state in which it is incorporated. *See, Fourco Glass Co. v. Transmirra Products Inc., supra.* Accordingly, it is not seriously argued in the instant case that venue lies over Hood, a Massachusetts corporation, by virtue of its residence in this district. Rather the plaintiff argues that venue exists in the Western District of Pennsylvania because Hood both committed acts of infringement in the district and maintained a regular and established place of business there. In support of this contention, Schreiber relies on the activities of Hood and its wholly-owned subsidiary Clearfield to demonstrate that venue over Hood is proper in this district. We feel, however, that these activities, singly and combined, are insufficient to prove that Hood has a regular and established place of business in the Western District of Pennsylvania.

■ A regular and established place of business under 28 U.S.C. § 1400(b) has been described as a place where a party is "engaged in carrying on in continuous manner a substantial part of its ordinary business." *See, IPCO Hospital Supply Corp. v. Les Fils D'Auguste Maillefer, supra* at 208. In other words 28 U.S.C. § 1400(b) requires a significant on-going corporate presence by a defendant in the district where venue is alleged to lie. Moreover, prior cases dealing with this statutory provision have applied it rigorously, refusing to find venue in factual situations far more compelling than those presented in this case. For example, venue has been held not to exist over corporate defendants even in instances where the corporation maintained an office in the district to solicit orders, *see, Morse v. Master Specialties Co.,* 239 F.Supp. 641 (D.N.J. 1964), for service of process, *see, E. H. Sheldon & Co. v. Norbuto Corp.,* 228 F.Supp. 245 (E.D.Pa.1964), or for maintenance and repair of equipment, *see, Jeffrey Galion Inc. v. Joy Manufacturing Co., supra.* Similarly, it has been held that the presence of sales representatives or supervisory personnel in the district does not necessarily give rise to venue under 28 U.S.C. § 1400(b). *See* e. g., *American Cyanimid Co. v. NOPCO Chemical Co.,* 388 F.2d 818, *cert. denied,* 392 U.S. 906, 88 S.Ct. 2057, 20 L.Ed.2d 1364 (4th Cir. 1968); *University of Illinois Foundation v. Channel Master Corp.,* 382 F.2d 514 (7th Cir. 1967); *Knapp-Monarch Co. v. Casco Products Corp.,* 342 F.2d 622, *cert. denied,* 382 U.S. 828, 86 S.Ct. 64, 15 L.Ed.2d 73 (7th Cir. 1965). Moreover, the existence of phone listings, post office addresses or bank accounts does not, by itself serve to create a regular and established place of business. *See* e. g., *Knapp-Monarch Co. v. Casco Products Corp., supra; Brevel Products Corp. v. H. & B. American Corp.,* 202 F.Supp. 824 (S.D.N.Y.1962); *Lindly & Co. v. Karl H. Inderfurth Co.,* 190 F.Supp. 875, *aff'med,* 2 Cir., 291 F.2d 445 (E.D.N.C.1961).

Nor does registration of the corporation under state law satisfy this venue requirement. *See e. g., Scaramucci v. FMC Corp.,* 258 F.Supp. 598 (W.D.Okla.1966); *Mastantuono v. Jacobsen Manufacturing Co.,* 184 F.Supp. 178 (S.D.N.Y.1960).

In the instant case we are convinced that the plaintiff has not carried its burden of proof on the question of whether Hood's direct activities in the Western District give rise to venue. According to the affidavit of Mr. Gerald P. Hendrick, a senior attorney for H. P. Hood Co., Hood's activities in this district are presently limited to the following: (1) the presence of two executive employees at Curwensville, Pa., employees who act as liaison between Hood and Clearfield; (2) the existence of an interbank transfer account; (3) some sales of Hood products in the Western District on orders solicited by salesmen located outside the district; (4) the sale of a small quantity of Hood cheese by Clearfield.

More significant, however, for the purposes of 28 U.S.C. § 1400(b) are the actions not undertaken by Hood in this district. Specifically, Hood is not registered to do business in Pennsylvania. Nor does it have any office, plant or real property in this district. Moreover, Hood has no sales representatives located in this district. Finally, Hood does not maintain a telephone, telephone listing or post office address in this district. We feel, therefore, that Hood does not maintain the substantial on-going presence in this district necessary for venue under 28 U.S.C. § 1400(b).

Nor do we feel that venue can be established over Hood in this district by virtue of the activities of its wholly-owned subsidiary, Clearfield. It is clear under 28 U.S.C. § 1400(b) that the mere existence of a wholly-owned subsidiary in a judicial district does not, by itself, suffice to establish venue over the subsidiary's parent corporation. *See, Faberge Inc. v. Schick Electric Inc.,* 312 F.Supp. 559, 561 (D.Del.1970). Rather, venue is proper with respect to a parent corporation only when that parent has disregarded all but the formalities of separation in its dealings with its subsidiaries.

*See e. g., Stanley Works v. Globemaster Inc.,* 400 F.Supp. 1325 (D.Mass.1975); *Penntube Plastics Co. v. Fluorotex, Inc.,* 336 F.Supp. 698 (D.S.C.1971). Moreover, prior cases in this area have declined to find venue proper over a parent corporation simply on the grounds that the activities of the parent and its subsidiary were closely intertwined.

Particularly illustrative on this point is *Teledyne Ryan Aeronautical Co. v. Montgomery Ward & Co.,* 326 F.Supp. 813 (D.Colo.1971). In that case the district court held, inter alia, that venue did not lie over a proposed defendant, Sunbeam Corporation, by virtue of the presence of a wholly-owned subsidiary, Sasco Inc., in the judicial district. The court arrived at this conclusion despite the fact that the evidence revealed a very close working relationship between Sunbeam and Sasco. Specifically the evidence showed that one witness regarded Sasco as being "within" Sunbeam and that the two firms: (1) shared a common trademark; (2) prepared consolidated financial statements; (3) had some common directors; (4) cooperated in the preparation of quality control programs; (5) were represented by the same attorneys and (6) frequently provided goods and services to one another. In rejecting the argument that this relationship created venue over Sunbeam, the court indicated that, despite the close relationship between the parent and subsidiary, the two firms regarded each other as distinct corporations and acted as separate entities. We feel that the same conclusion applies in this case.

In its brief the plaintiff points to some twenty three facts which it feels establishes venue over Hood in this district. Summarized, these facts reveal that there is some overlap of officers and directors between Hood and Clearfield; that Hood provides Clearfield with marketing assistance and sets quality control standards for Clearfield, that Clearfield employees have discussed this lawsuit with officials of Hood; that Clearfield and Hood are represented by the same counsel; and that one employee of Clearfield does not consider Hood to be an

outside company. On the other hand, the affidavit of Mr. Hendrick, presented by the defendant Hood, indicates that Hood and Clearfield maintain separate bank accounts; that they are treated as separate entities for accounting purposes; that they pay separate taxes; that Hood is billed, and pays for, all Clearfield products which it purchases; and that Hood and Clearfield have separate officers and directors, and that these directors meet separately.

This evidence, we feel, demonstrates that Hood and Clearfield are two distinct, albeit closely related, corporate entities. Accordingly, we conclude that the mere presence of Clearfield in this district cannot serve to establish venue over Hood in this case.[1] Therefore, we hold, and so order, that the plaintiff's motion to amend and motion for expedited discovery are denied on the grounds that venue does not lie over H. P. Hood Co., in this district.

---

1. Inasmuch as we have found that Hood does not maintain a regular and established place of business in this judicial district, we need not reach the question of whether acts of infringement were committed by Hood in this district. *See*, 28 U.S.C. § 1400(b). Accordingly, we express no opinion on this issue.