Therefore, and in accordance with the foregoing,

IT IS HEREBY ORDERED that defendant's motion to dismiss the International Union and the Local Union be and is DENIED.

IT IS FURTHER ORDERED that defendant's motion for summary judgment on the issue of liability be and is GRANTED and plaintiff's motion for summary judg-

ment on the issue of liability be and is DENIED.

IT IS FURTHER ORDERED that plaintiffs' cause of action be and is DISMISSED with prejudice at plaintiffs' cost.

**MIDA MANUFACTURING COMPANY**

v.

**FEMIC, INC., et al.**

**Civ. A. No. 78–4318.**

United States District Court,
E. D. Pennsylvania.

April 2, 1982.
As Amended May 3, 1982.

David Kanner, Philadelphia, Pa., for plaintiff.

James M. Peck, Duane, Morris & Heckscher, Philadelphia, Pa., for Femic.

Stanley H. Cohen, Caesar, Rivise, Bernstein & Cohen, Ltd., Philadelphia, Pa., for Woolworth's and McCrory's.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff Mida Manufacturing Company ("Mida") filed this action against seven defendants, charging each with patent and trademark infringement of certain articles manufactured and sold by Mida. A stipulation and order dismissing the claim against defendant Jamesway Corporation was entered on November 21, 1980. Defendants S. Axelrod Co., Inc. ("Axelrod") and Femic, Inc. ("Femic") have filed motions to dismiss the claims against them for lack of proper venue. Defendants McCrory Stores Corp. ("McCrory") and F. W. Woolworth Co. ("Woolworth's") have filed a motion for summary judgment contending that the patent in question is invalid because Mida sold the patent more than one year before it applied to the U. S. Patent and Trademark Office for the patent. For the reasons hereinafter set forth, the Court will grant

the motions to dismiss of Alexrod and Femic, but will deny the summary judgment motion of McCrory and Woolworth's. The Court will first consider the motions to dismiss based on improper venue.

Mida's one-count complaint alleges that it manufactures and sells earrings attached to miniature greeting cards placed in a small box. These small boxes and their contents bear the trade names "Mini-Dot," "Micro-Dot," and "Dot." The plaintiff has obtained a patent on this article and has obtained Certificates of Registration as to the trademarks. Mida alleges that the defendants infringed its patent and trademarks by manufacturing, without Mida's consent, various pieces of costume jewelry containing a forged representation of Mida's patented and trademarked products.

*Venue in Patent Actions*

■ Both Axelrod and Femic contend that 28 U.S.C. § 1400(b), which sets forth the requirements for venue in a patent infringement action, does not permit venue to lie in this district. Section 1400(b) provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

This section is "the sole and exclusive provision controlling venue in patent infringement actions." *Fourco Glass Co. v. Transmirra Products Corp.,* 353 U.S. 222, 229, 77 S.Ct. 787, 792, 1 L.Ed.2d 786 (1957).

Section 1400(b) provides that venue in a patent infringement action is proper in a district where the defendant resides or has committed acts of infringement *and* has a regular and established place of business. Neither acts of infringement alone, nor existence of a regular and established place of business alone, will satisfy the venue requirements in a patent suit. Both conditions must concur to meet the statutory criteria. *IPCO Hospital Supply v. Les Fils D'Auguste Maillefer,* 446 F.Supp. 206, 208 (S.D.N.Y.1978); *Mastantuono v. Jacobsen Manufacturing Co.,* 184 F.Supp. 178, 179–80 (S.D.N.Y.1960). For the purposes of Section 1400(b), a defendant corporation "resides" in the state in which it is incorporated. *Brunette Machine Workers, Ltd. v. Kockum Industries, Inc.,* 406 U.S. 706, 707, 92 S.Ct. 1936, 1937, 32 L.Ed.2d 428 (1972); *Fourco Glass, supra.* In order to demonstrate the existence of a "regular and established place of business" in a district it must appear that the defendant is regularly engaged in carrying on a part of its ordinary business on a permanent basis in a physical location within the district over which it exercises some measure of control. *IPCO Hospital Corp. v. Les Fils D'Auguste Maillefer, supra,* 446 F.Supp. at 208; *Dual Manufacturing and Engineering, Inc. v. Burris Industries, Inc.,* 531 F.2d 1382 (7th Cir. 1976). Furthermore, the mere presence of sales representatives in the district does not create a regular and established place of business for venue purposes in a patent case. *IPCO, supra,* at 208; *Burris, supra.* The solicitation of sales alone in a district does not meet the residence requirement of 28 U.S.C. § 1400(b). *See Knapp-Monarch Co. v. Casco Products Corp.,* 342 F.2d 622 (7th Cir.), *cert. denied,* 382 U.S. 828, 86 S.Ct. 64, 15 L.Ed.2d 73 (1965).

Axelrod and Femic each submitted an affidavit in support of their motions to dismiss. Mida submitted an affidavit in opposition to each motion. These affidavits clearly show that Axelrod and Femic are not subject to venue in the Eastern District of Pennsylvania under 28 U.S.C. § 1400(b). The affidavit of Axelrod's president stated that Axelrod is a New York corporation with its only offices in New York City, and that it employs fifteen people, all of whom work in New York City. Axelrod is not qualified or registered to do business in any other jurisdiction, including Pennsylvania. Alexrod does not own or rent any property, nor does it maintain a bank account, a telephone listing, sales or business records, samples, supplies, or inventories within the Eastern District of Pennsylvania. Axelrod does not exercise control over any sales representative within the district. Its only connections with this district are (1) the distribution of catalogs for purposes of so-

liciting business and the sale of some cataloged items, and (2) the sale of craft supplies through an independent sales representative who has offices in New Jersey. The affidavit of an officer of Mida, submitted in opposition to Axelrod's motion to dismiss, states that Axelrod advertises in certain trade magazines circulated to buyers in Philadelphia, and that Mida believes that sales are made by the defendant in the Philadelphia area.

The affidavit of Femic's president stated that Femic is a Rhode Island corporation with its principal place of business in Providence, Rhode Island, and no place of business outside Rhode Island. Femic has never been registered to do business in Pennsylvania, has never had an office or place of business in Pennsylvania, and has no employees or salesmen who regularly solicit business in Pennsylvania. Furthermore, Femic does not maintain a telephone listing or bank account in Pennsylvania and does not own or lease any property in Pennsylvania. Femic's only sales in Pennsylvania are mailed into the state pursuant to orders it receives by mail or telephone and accepts at one of its offices in Rhode Island. Mida's affidavit in opposition to Femic's motion states that the plaintiff purchased a set of Femic "Mini-Dots" in Philadelphia from a New Jersey resident, which set was sent to the New Jersey resident by Femic.

The affidavits show that Axelrod and Femic does not "reside" in this district because they are corporations of New York and Rhode Island, respectively. Neither defendant has a regular and established place of business in this district and neither defendant has an office or any location within this district over which it exercises any control. See *IPCO Hospital Supply Corp. v. Les Fils D'Auguste Maillefer*, 446 F.Supp. 206, 208 (S.D.N.Y.1978); *Dual Manufacturing and Engineering, Inc. v. Burris Industries, Inc.*, 531 F.2d 1382 (7th Cir. 1976). Neither company employs salesmen or sales representatives in this district, and the affidavits show only that each company does solicit a certain amount of business in this district. The nature of these defendants' activities within the district does not constitute a regular and established place of business within the meaning of 28 U.S.C. § 1400(b). See *Knapp-Monarch Co. v. Casco Products Corp.*, 342 F.2d 622 (7th Cir.), cert. denied, 382 U.S. 828, 86 S.Ct. 64, 15 L.Ed.2d 73 (1964). Therefore, venue does not lie in this district with respect to Mida's patent infringement claim.

*Venue in Trademark Actions*

Mida has also asserted a claim of trademark infringement against each defendant arising from the defendants' alleged use of the labels "Mini-Dots," "Micro-Dots," and "Dots," in connection with sales of the patented articles. Approximately the same evidence will be introduced by Mida at trial to seek to prove both its trademark infringement claims and its patent infringement claim. In such a case, if venue for the plaintiff's patent infringement claim is properly laid in this district, the Court should retain jurisdiction over Mida's trademark infringement claim. *Bradford Novelty Co. v. Manheim*, 156 F.Supp. 489 (S.D.N.Y.1957); *Dolly Toy Co. v. Bancroft-Rellim Corp.*, 97 F.Supp. 531 (S.D.N.Y.1951); *Ferguson v. Ford Motor Co.*, 77 F.Supp. 425 (S.D.N.Y.1948); see 1 *Moore's Federal Practice* ¶ 0.140(5) at 1329 (2d ed. 1979).

■ No specific statute governs trademark infringement claims. Therefore, the venue provisions of 28 U.S.C. § 1391, the general venue statute, are applicable to such claims. Sections 1391(a), 1391(d) and 1391(e) are clearly inapplicable to this action. Section 1391(b) provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

Section 1391(c) provides:

A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

■ The meaning of "doing business" under § 1391(c) is not coextensive with the "minimum contacts" definition of "doing business" in connection with service of process which has developed in the wake of *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). As the Court stated in *Philadelphia Housing Authority v. American Radiator & S. San Corp.*, 291 F.Supp. 252, 257 (E.D.Pa.1968):

[T]he prevailing view in this Eastern District is that '[i]n determining how much activity within a district a foreign corporation must engage before such activity will constitute "doing business" for purposes of federal venue, the basic consideration is whether a license would be required of the foreign corporation as a condition precedent to carrying on that activity.' *Remington Rand, Inc. v. Knapp-Monarch Co.*, 139 F.Supp. 613, 617 (E.D.Pa.1956). There Judge Wright rejected the *International Shoe* 'minimum contacts' interpretation of doing business as applied in 'service of process' questions. See *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Thus more activity is needed to subject a defendant corporation to venue in a jurisdiction than would be needed to subject it to service of process there.

Both *Remington* and *American Radiator* make it clear, however, that the determination of whether a license would be required of the foreign corporation should not be dependent upon the licensing requirements of the state in question, but requires the application of a uniform federal standard. In *Remington*, the Court said, 139 F.Supp. at 620–621:

In view of the principle enunciated earlier, namely, a corporation will be held to be "doing business" for purposes of § 1391(c) if its activities within the district are such that its business has become localized and is an operation within the district so that some state would probably require the foreign corporation to be licensed as a condition precedent to doing that business .... (footnotes omitted).

*See also Fox-Keller, Inc. v. Toyota Motor Sales*, 338 F.Supp. 812 (E.D.Pa.1972); *Trinity Metals v. Andy International Inc.*, 424 F.Supp. 966 (E.D.Pa.1977); *Honda Associates, Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886, 889–90 (S.D.N.Y.1974). As heretofore noted, defendants Axelrod and Femic do not have offices, telephone listings, or bank accounts within the district and do not employ persons within the district. Defendants Axelrod and Femic have not systematically or regularly conducted business activity in this district; their "presence" here consists only of a miniscule, erratic number of sales pursuant to mail and telephone ordering and, in the case of Femic, a New Jersey independent salesman's isolated sale of its product in Pennsylvania. This does not constitute doing business to the extent necessary to require either Axelrod or Femic to be licensed in Pennsylvania. The Court therefore finds that neither of these defendants is "doing business" in this district within the meaning of 28 U.S.C. § 1391(c).

■ Venue could still properly lie in this jurisdiction if the claim arose here within the meaning of 28 U.S.C. § 1391(b), which provides that venue will lie in a district if defendants reside there or if the claim arose there. As heretofore noted, all of the defendants do not "reside" in the district within the meaning of the venue laws; thus, venue does not lie pursuant to that portion of § 1391(b) providing proper venue where all defendants to an action reside.

■ The Third Circuit has indicated that a trademark infringement claim arises in a district when the defendants have conducted a substantial business in products which allegedly infringe upon the plaintiff's trademark. *See Tefal, S.A. v. Products International Company*, 529 F.2d 495 (3d Cir. 1976). A company need not do a majority or even a plurality of its business within the jurisdiction in order to give rise to a claim of trademark infringement. *Tefal, supra,* but it appears that the Third Circuit has approved the conclusion in *Honda Associ-*

*ates, Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886 (S.D.N.Y.1974) that defendants must conduct more than miniscule business in the jurisdiction before venue will lie under 28 U.S.C. § 1391(b). *See Tefal, supra*, at 497.

Other jurisdictions have adopted a similar view concerning where a claim arises for purposes of § 1391(b) venue. The District of Columbia Circuit has stated that "events having operative significance" for the plaintiff's claim must have occurred within the district in order for venue to lie in that forum. *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C.Cir.1978). The Court noted that in interpreting the general venue statute "proliferation of forums is to be avoided." *Id.* at 1134. *Lamont v. Haig* also endorsed the "substantial portion" of infringing activity test of the Third Circuit. 590 F.2d at 1134. The District of Columbia Circuit added that the "ramifications for efficient conduct of the suit" should also be considered. *Id.* at 1135. *See also Fox v. Harris*, 488 F.Supp. 488 (D.C.Colo.1980); *Cheeseman v. Carey*, 485 F.Supp. 203 (D.C.N.Y.1980), *remanded on other grounds*, 623 F.2d 1387 (2d Cir. 1980).

In this case, the loci of the allegedly infringing activity of Axelrod and Femic was New York and Rhode Island, respectively. It was at those locations that these defendants manufactured the products at issue and affixed trademarks to them. The sales of these products also appear to have been largely completed in New York or Rhode Island. Mere mailing of the products into New Jersey and Pennsylvania does not make this district the place in which Mida's claim arose within the meaning of 28 U.S.C. § 1391(b), which must be interpreted with common sense rather than mechanical standards. *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C.Cir.1978); *Tefal, S.A. v. Products International Co.*, 529 F.2d 495 (3d Cir. 1976).

The "where the claim" arose language of § 1391(b) was added to the statute in 1966. Courts have interpreted this provision to mean that a substantial portion of the plaintiff's claim must have arisen within the forum jurisdiction. As noted in *Honda Associates, Inc. v. Nozawa Trading, Inc.*:

> There is no more in the judicial treatment of the amendment than there was in its legislative history to suggest that it was intended to broaden the choice of venue with respect to 'transitory' causes of action, like the present, which arise from a multitude of similar acts performed substantially throughout the country. If plaintiff's argument about the meaning of the amendment is correct, a trademark infringer could be sued in *any* district into which it had shipped to a customer or prospective customer, goods or sales literature bearing the infringing mark. If the amendment had really been intended to effect such a drastic expansion of venue in transitory actions, it seems unlikely that Congress would have enacted it without appropriate comment and that the courts would have been equally silent about it in the seven years that have followed.

374 F.Supp. at 891 (emphasis the Court's).

This Court does not conclude that venue properly lies only in the district with the most significant activity of defendants' Axelrod and Femic. The Court concludes only that the almost non-existent contact of these defendants with this forum makes venue improper because Mida's claim did not in any significant way arise in this district. Therefore, venue does not lie over Alexrod and Femic in either Mida's patent claim or its trademark claim. The Court will therefore grant the motions of Axelrod and Femic and enter appropriate orders.

*Summary Judgment Motions of McCrory and Woolworth's*

Defendants Woolworth's and McCrory, in their jointly submitted motion for summary judgment, contend that they are entitled to summary judgment as to Mida's patent infringement claim because the patent procured by Mida is invalid. *See* 35 U.S.C. § 282. In seeking to establish invalidity, McCrory and Woolworth's rely on 35 U.S.C. § 102(b), which provides that a person shall be entitled to a patent unless:

> The invention was patented or described in a printed publication in this or a

foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States. . . .

Woolworth's and McCrory contend that the plaintiff placed the patented articles on sale more than one year before it applied to the patent office for a patent covering said articles.

Federal Rule of Civil Procedure 56(c) states that a party is entitled to summary judgment only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. If the affidavits, depositions, other matters of record, and any reasonable inferences therefrom, interpreted in a light most favorable to the non-moving party, reveal the existence of a genuine issue of material fact, the motion for summary judgment must be denied and the matter must be submitted to a factfinder. *Sanford v. O'Neill*, 616 F.2d 92 (3d Cir. 1980).

In answers to interrogatories, Mida stated that it placed its patented article on sale in September 1967, approximately eight years before Mida's application for the patent which the record in this case indicates took place on September 19, 1975. It was on this basis that defendants McCrory and Woolworth's moved for summary judgment. In its response to the motion, Mida stated that its answers to the interrogatories cited above were incorrect. Mida filed supplemental answers to these interrogatories, stating that the patented articles were not sold in the United States until 1975. Mida stated that it had "confused trademarks with the patent" when it first answered the interrogatories.

Mida's supplemental answers, though inconsistent, raise a question of material fact and also raise matters of credibility. Under these circumstances, it would be inappropriate to grant a motion for summary judgment. Therefore, the Court will deny the motion. Appropriate orders will be accordingly entered.

### ORDER

AND NOW, this 2nd day of April, 1982, upon consideration of the motions to dismiss for lack of proper venue filed by defendants S. Axelrod Co., Inc. and Femic, Inc., the motion for summary judgment filed by defendants McCrory Stores Corp. and F.W. Woolworth Co., and plaintiff's responses thereto, for the reasons set forth in this Court's Memorandum of April, 1982,

IT IS ORDERED:

1. Defendant S. Axelrod Company, Inc.'s motion to dismiss for lack of proper venue is GRANTED and plaintiff's action against said defendant is DISMISSED without prejudice, unless, on or before April 15, 1982, the plaintiff files a motion pursuant to 28 U.S.C. § 1406(a) to transfer this case to a district in which it might have been brought;

2. Defendant Femic, Inc.'s motion to dismiss for lack of proper venue is GRANTED and plaintiff's action against said defendant is DISMISSED without prejudice, unless, on or before April 15, 1982, the plaintiff files a motion pursuant to 28 U.S.C. § 1406(a) to transfer this case to a district in which it might have been brought;

3. The motion for summary judgment of defendants McCrory Stores Corporation and F.W. Woolworth Company is DENIED.