**H.L. HAYDEN CO. OF NEW YORK, INC., Schein Dental Equipment Corp., Plaintiffs,**

v.

**SIEMENS MEDICAL SYSTEMS, INC., Healthco, Inc., Patterson Dental Company, Defendants.**

**No. 84 Civ. 0306 (GLG).**

United States District Court, S.D. New York.

Oct. 23, 1986.

See also, 2nd Cir., 797 F.2d 85.

Anderson, Russell, Kill & Olick, P.C., New York City (John E. Daniel, of counsel), for plaintiffs.

Kaye, Scholer, Fierman, Hayes & Handler, New York City (Michael D. Blechman, Robert Bernstein, of counsel), for Siemens Medical Systems, Inc.

Wachtell, Lipton, Rosen & Katz, New York City (Paul E. Levine, of counsel), for Healthco, Inc.

Mayer, Brown & Platt, New York City (Michael Mills, of counsel), for Patterson Dental Co.

## OPINION AND ORDER

SHARON E. GRUBIN, United States Magistrate:

Plaintiffs have moved for an order permitting them to add as a defendant in this action Siemens Aktiengesellschaft ("Siemens AG"), a German corporation which is the parent corporation of defendant Siemens Medical Systems, Inc. ("Siemens Med."). For the reasons set forth below, the motion is hereby denied.

Plaintiff H.L. Hayden Company of New York, Inc. is a dealer in dental x-ray equipment, and plaintiff Schein Dental Equipment Corporation, who obtains dental equipment from Hayden, sells equipment to dentists on a mail order basis. Defendant Siemens Med. sells dental x-ray equipment manufactured by Siemens AG to certain dealers who, in turn, sell it to dentists. Defendants Healthco, Inc. and Patterson Dental Company are two of those dealers. Plaintiffs charge defendants herein with violations of the Sherman Act and the Robinson-Patman Act, as well as violations of state statutory and common law. Siemens Med. has asserted counterclaims under the Lanham Act as well as under state statutory and common law. Healthco has asserted a counterclaim of unfair competition.

This action was commenced in January of 1984. Discovery, which was vigorous and contentious (to put it mildly), took two years to complete, finally concluding in February, 1986. On April 18, 1984, I had issued a scheduling order after discussion with counsel which provided that any joinder of other parties and amendment of the pleadings were to occur no later than September 14, 1984, that discovery was to be completed by June 14, 1985 and that all substantive pretrial motions were to be filed by August 16, 1985. The date for joinder and amendment passed with no request from plaintiffs that it be extended nor any indication whatsoever that they might seek to add Siemens AG as a defendant if the discovery yet to be taken supported it. On May 15, 1985 plaintiffs moved for an extension of the discovery

completion date to February 14, 1986, and after defendants submitted papers in opposition, I granted the motion over the defendants' objections by order dated June 20, 1985. Although plaintiffs argued vigorously for an extension of the discovery period and based their argument on the grounds (among many others) that discovery requests for information about Siemens AG was being frustrated by Siemens Med.'s counsel, plaintiffs, again, never requested that a *post hoc* extension of the joinder and amendment date provided in the April 18, 1984 order be given nor even hinted that such joinder was a future possibility. In contrast, requests for a new date for the filing of substantive motions were made at this time.

The first time the subject of joining Siemens AG as a defendant was raised was on April 8, 1986 when plaintiffs, having scheduled a pre-motion telephone conference for April 9 on a variety of matters, indicated by letter that this was to be one of the subjects of that conference. This was one week before the defendants' motions for summary judgment were to be filed, two months after the close of discovery and over a year-and-a-half after the last date provided for motions for joinder by the scheduling order. During the conference I granted plaintiffs permission to file their motion, but I expressly told them that the request appeared to be coming too late and that they should address that problem specifically in their papers. Plaintiffs' position, as set forth in their motion papers, is that they were not in a position to seek to add Siemens AG to this action earlier because most of the relevant discovery warranting such an addition had not taken place until late in the discovery period.

In plaintiffs' original moving papers, they did not set forth any explanation of what claims they proposed to assert against Siemens AG, instead merely stating conclusorily that Siemens AG was a "co-conspirator," nor did they submit a proposed amended complaint. After Siemens Med.'s papers in opposition pointed out this omission, plaintiffs submitted a reply mem-

orandum in which they set forth specific proposed amendments to their complaint. As I understand the proposed amendments, Siemens AG would be added as a defendant with respect to plaintiffs' Sherman Act Section 1 claim in their first cause of action. The proposed amendments are strictly notice pleading, giving no factual support for the claim.

■ The proposed joinder of Siemens AG as a defendant herein is governed by Rule 20 of the Federal Rules of Civil Procedure relating to permissive joinder, by Rule 15, which provides that leave to amend a pleading shall be freely given "when justice so requires" and by Rule 21, which provides that parties may be added at any stage of the action "on such terms as are just." Whether to allow amendment is a decision that rests in the discretion of the district court, and the court is required to consider any prejudice that would ensue to opposing parties as a result of such amendment. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–32, 91 S.Ct. 795, 802–03, 28 L.Ed.2d 77 (1971); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); 3 *Moore's Federal Practice* ¶¶ 15.08[4], [5] (2d ed. 1985). The most common reasons courts have denied leave to amend are that amendment will result in undue prejudice to the other parties, it is unduly delayed, or it is offered in bad faith or for a dilatory purpose. Generally, unexcused delay in seeking amendment will not bar it if no prejudice will ensue to the other parties. *See 3 Moore's Federal Practice* ¶ 15.08[4] at 15–69 to 15–76. The decision is thus one involving a balancing process "which weighs the potential for prejudice resulting from granting the amendment against the risk of prejudice to the moving party if the amendment is denied." *L.D. Schreiber Cheese Co., Inc. v. Clearfield Cheese Co., Inc.,* 495 F.Supp. 313, 315 (W.D.Pa.1980).

One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action. *See, e.g., Hayes v. New England*

*Millwork Distributors, Inc.,* 602 F.2d 15, 20 (1st Cir.1979); *Mercantile Trust Co. Nat'l. Assoc. v. Inland Marine Products Corp.,* 542 F.2d 1010, 1012–13 (8th Cir. 1976); *Izaak Walton League of America v. W. St. Clair,* 497 F.2d 849, 854 (8th Cir. 1974), *cert. denied,* 419 U.S. 1009, 95 S.Ct. 329, 42 L.Ed.2d 284 (1974); *Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968, 971 (6th Cir.1973), *cert. denied,* 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974); *Barr Rubber Products Co. v. Sun Rubber Co.,* 425 F.2d 1114, 1126–27 (2d Cir.1970), *cert. denied,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970); *L.D. Schreiber Cheese Co., Inc. v. Clearfield Cheese Co., Inc.,* 495 F.Supp. at 316; *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.,* 68 F.R.D. 383 (N.D.Ill.1975); *Johnson v. Sales Consultants, Inc.,* 61 F.R.D. 369 (N.D.Ill.1973); *Data Digests, Inc. v. Standard & Poor's Corp.,* 57 F.R.D. 42, 45–46 (S.D.N.Y.1972); *Suehle v. Markem Machine Co.,* 38 F.R.D. 69 (E.D.Pa. 1965); *Portsmouth Baseball Corp. v. Frick,* 21 F.R.D. 318, 320 (S.D.N.Y.1958). Plaintiffs contend that no additional "substantive" discovery would be required by the addition of Siemens AG at this juncture and that it would, therefore, not delay the trial of this case. I cannot agree.

This case has finally reached the eve of resolution. All parties have filed motions for summary judgment and/or dismissal which Judge Goettel currently has *sub judice.* As soon as Judge Goettel issues his decision, the case will either be over or will be ready to commence trial. Discovery, which took over two years to complete, was extraordinarily time-consuming for the parties and the court. The docket sheet in the Clerk's office is twenty-eight pages long and contains approximately six hundred filings. Almost all of these six hundred documents pertained to discovery motions. The docket sheet, moreover, does not reflect the additional mountainous correspondence which was sent to the court on virtually a daily basis containing further applications concerning discovery. During most of the discovery period, an average of three conferences per week were held with the

court by personal appearance or by telephone. It would not surprise me to learn that individual counsel for plaintiffs and for Siemens Med. worked solely on this case to the exclusion of all other cases during the two-year period; it is inconceivable that there was time for any other work. It also would not surprise me to learn that the number of applications for sanctions made by plaintiffs or by Siemens Med. for alleged misconduct during discovery outnumbers the number made in any other action pending in this courthouse during the given period. Counsel for plaintiffs and for Siemens Med. have consistently been unable to agree on anything. It was necessary for the Court to resolve even the most trivial matters.

■ It is clear from the papers submitted on this motion that if Siemens AG were to be added as a defendant, this action, which is at last ready for final resolution, would be substantially, and needlessly, delayed. Plaintiffs' contention that no additional "substantive" discovery would be required apparently indicates that they would not be seeking further discovery from Siemens AG concerning the merits of plaintiffs' claim. Counsel for Siemens Med. (who apparently would also serve as counsel for Siemens AG in the future as they have in the past) have already indicated Siemens AG's potential challenges to jurisdiction and venue. There is no doubt that discovery and motions relating to that discovery would be required on these issues. Given the history of discovery herein, there is no reason to believe that such additional discovery would be accomplished smoothly or expeditiously. Once this discovery were finally completed, further time would have to be set aside for briefing the jurisdictional motion. In addition, Siemens AG may interpose counterclaims and further affirmative defenses on which plaintiffs would seek discovery. It is to be expected, moreover, that Siemens AG and perhaps plaintiffs would desire to submit additional dispositive motions based on substantive grounds. The briefs that have been submitted to Judge Goettel on the currently pending dispositive motions consist of 1,051 pages with 54 affidavits and an additional 13 volumes of exhibits. There is no reason to believe, based on the history herein, that counsel in this case would brief the issues concerning Siemens AG quickly or expeditiously. Furthermore, Siemens AG and probably plaintiffs as well will no doubt wish to serve contention interrogatories concerning the claims against Siemens AG and any asserted by Siemens AG. Again, bearing George Santayana in mind, if the past is any indication of the future, after responses to those interrogatories are given, motions will be made for further answers. And while most of this discovery and motion practice would no doubt occur between Siemens AG and plaintiffs, the other defendants, Healthco and Patterson, allegedly co-conspirators with Siemens AG according to plaintiffs' proposed amendment, would be entitled to their own discovery and additional substantive motions. Finally, it should be noted that while plaintiffs apparently assume that the discovery already taken herein will be applied against Siemens AG, counsel for Siemens Med. (and presumably Siemens AG) do not make that assumption. Whether Siemens AG will be deemed to have been "present" for purposes of Fed.R.Civ.P. 32(a) will most likely be another issue that will need resolution by the court. If it were not resolved in plaintiffs' favor, additional substantive discovery might have to be taken by plaintiffs.

In sum, it is apparent that if plaintiffs' motion were granted, the resolution of this already protracted case would be further delayed. I estimate that at least six additional months would be consumed as a result. Such further delay would not be in the interest of justice. A year and a half ago the defendants opposed plaintiffs' application for an extension of the discovery period. They argued that discovery, and its concomitant motion practice, had already been extraordinarily expensive and time-consuming, and they were correct. Nevertheless, I granted plaintiffs the full

amount of additional time they requested.[1] Apart from an interest in avoiding further expensive discovery and motion practice, the present defendants "have an interest in and right to an expeditious determination of the claims against them." *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 386 (N.D.Ill.1975). *See also Data Digests, Inc. v. Standard & Poor's Corp.*, 57 F.R.D. 42, 45 (S.D.N.Y.1972) ("The present amended complaint contains serious charges against the defendants and now that a trial is readily available they are entitled to be heard on the merits in resisting those charges and also upon their counterclaim."); *Portsmouth Baseball Corp. v. Frick*, 21 F.R.D. 318, 320 (S.D.N.Y.1958) ("... the plaintiff has long been aware of the basis of its proposed claim but has delayed making it until after the case was ready to be assigned out for trial, to the prejudice of the defendants and in derogation of their right to a just, inexpensive and speedy trial.") While plaintiffs are correct that it is normally in the interests of judicial economy to join all potential defendants in one suit rather than to bring a separate action, "[t]here is a point in the proceedings, however, when the benefit derived from such a joinder is outweighed by the effect of a postponement of a final decision in the matter at the eleventh hour." *Benger Laboratories Ltd. v. R.K. Laros Co., Inc.*, 24 F.R.D. 450, 452 n. 2 (E.D.Pa.1959). *See also Thomson Newspapers, Inc. v. Toledo Typographical Union No. 63, ITU*, 20 Fed.R.Serv.2d 78 (E.D. Mich.1974). That point has certainly been reached in this case. In *L.D. Schreiber Cheese Co., Inc. v. Clearfield Cheese Co., Inc.*, after noting that the plaintiff's delay

in seeking joinder might have been justified, the court nevertheless refused to allow it for the following reasons which are equally apt herein:

"More important, however, is the fact that this case, as it presently stands, is on the eve of resolution. Reaching this point has required extensive, and oftentimes very complex, pre-trial discovery. The introduction of yet another party at this late stage would interject new issues into this case, issues which would require even more time for discovery and resolution. Necessarily such discovery would further delay the course of this litigation. For example, if we were disposed to grant plaintiff's motion to amend, then additional discovery would be necessary simply to establish that this court had proper jurisdiction over H.P. Hood Co. in this district. Such delay in the adjudication of these claims is not, in our view, consistent with the 'rule of justice' established in Rule 15(a)."

495 F.Supp. at 316.[2]

For the foregoing reasons, plaintiffs' motion must be denied. In addition, although an unjustified delay in bringing the motion may not be reason in itself for denying it, it should be noted that plaintiffs' delay here was unjustified and serves as an additional factor militating against the motion. *See, e.g., Goldberg v. Meridor*, 81 F.R.D. 105, 113 (S.D.N.Y.1979); *Thomson Newspapers, Inc. v. Toledo Typographical Union No. 63, ITU*, 20 Fed.R.Serv.2d at 79–80; 3 *Moore's Federal Practice* ¶ 15.08[4] at n. 12. Plaintiffs' contention that their motion is timely because most of the relevant discovery was not obtained until between Oc-

---

1. At the close of discovery plaintiffs again requested additional time, and I again allowed a short period of time for certain specific discovery.

2. The court went on to say:

"Furthermore, we fail to see how denial of this motion would unduly prejudice the plaintiff. As the actual manufacturer of the processed cheese in question, [the present defendant] is the primary party of interest in this case. [Plaintiff] could therefore obtain com-

plete relief, in the form of either an injunction or damages, without the inclusion of H.P. Hood Co. in this lawsuit."

495 F.Supp. at 316. This, too, is true here. There has been no suggestion that, if plaintiffs were ultimately to prevail in this action, damages and injunctive relief entered against the present defendants would not be sufficient to satisfy fully plaintiffs' claims. *See also Parker v. Broadcast Music, Inc.*, 30 F.R.D. 151 (S.D.N.Y. 1962).

tober 1985 and February 1986 is unpersuasive for a number of reasons.

First, while it may be true that plaintiffs were not in a position to bring their motion by September 14, 1984, the date which the scheduling order of April 10, 1984 established as the final date for joinder of additional parties, plaintiffs did not ask for an extension of that date at that time, nor indeed did they ever seek a modification of that aspect of the order. They merely announced, over a year and a half after the deadline had passed, that they wished to file their motion.[3] Moreover, the documents and deposition testimony of Siemens AG that plaintiffs finally obtained in the fall of 1985 and early 1986, after counsel for Siemens Med. and Siemens AG finally agreed to provide it, could have been obtained long ago if plaintiffs had complied with proper procedures. From practically the inception of this action, plaintiffs attempted to obtain document, interrogatory and deposition discovery from Siemens AG by serving formal and informal demands on Siemens Med. Various motions were brought by plaintiffs to compel this discovery, plaintiffs arguing consistently that Siemens AG was closely involved in the defendants' allegedly illegal acts. The court generally denied the requests, except insofar as documents possessed by or concerning Siemens AG were also within the custody, possession or control of Siemens Med. Time and again plaintiffs were informed that if discovery from Siemens AG were as important to them as they indicated, they should employ available proper procedures to obtain it, such as those of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. Plaintiffs, however, simply continued to argue that Siemens Med. should have

been required to obtain the material from its non-party parent Siemens AG because any other method of obtaining it would have been cumbersome and expensive for plaintiffs. Eventually, plaintiffs did obtain discovery from Siemens AG largely due to the voluntary agreement of Siemens AG to provide it. For plaintiffs to now argue that their instant motion is timely because they did not obtain this evidence from Siemens AG until late in the discovery period does not sit well.

Furthermore, I have reviewed all of the allegedly recently-discovered evidence upon which plaintiffs rely to support their contention on this motion and find that very little of it is either supportive or "newly discovered." For example, that Mr. Schneider of Siemens Med. communicates regularly with Siemens AG with respect to product performance and that Siemens Med. reviews manuals prepared by Siemens AG are hardly surprising or revealing facts; that Mr. Behne of Siemens AG has had discussions with Mr. Vitt of Siemens Med. concerning United States dealers and customers of Siemens Med. and mail order is hardly a surprising or revealing fact; that Siemens Med. develops a prognosis annually which it provides to its parent, Siemens AG, and that Mr. Vitt has annual budget discussions with Siemens AG's economist are hardly surprising or revealing facts. Moreover, most of the evidence cited by plaintiffs at pages 4–5 of their supporting memorandum and pages 16–18 of their reply memorandum was obtained long before the discovery cut-off date. Even the alleged "smoking gun" Burghard memorandum, the meaning of which will be decided at another time by the trier of fact, but which plaintiffs argue "confirms the intimate involvement of Siemens AG as a

---

**3.** Back on September 14, 1984, Siemens Med. served a motion to amend its answer to add additional counterclaims, which motion I subsequently granted. Ironically, in opposing that motion, plaintiffs argued then that because Siemens had merely *served* the motion on the last date provided for amendment by the scheduling order, the scheduling order had been violated and that this violation "should be dispositive" for denying the motion. Plaintiffs stated:

"Siemens cannot unilaterally extend its time to amend its pleadings by serving a motion for leave to amend at the twelfth hour.... This Court, of course, has discretion to allow the amendments. But Siemens did not show cause or request under Rule 6(d) an enlargement of time to serve amended pleadings." Plaintiffs' Memorandum in Opposition to Siemens' Motion for Leave to Amend its Pleadings, dated September 25, 1984, pp. 12–13.

co-conspirator," was produced in December, 1985 (and was available to plaintiffs even earlier). Plaintiffs' only explanation as to why they waited an additional four months after their suspicions were allegedly confirmed to seek to bring their motion is that the following four months were "a time of feverish activity" in connection with other aspects of the case. (Plaintiffs' Memorandum of Law in Further Support of their Motion to Add Siemens AG as a Defendant, p. 20.)

Plaintiffs are free to bring a separate action against Siemens AG. Whatever facts are established through the instant litigation will be available for appropriate use in such an action, and, if plaintiffs are sincere in their assertions that they need no further discovery from Siemens AG, such an action could reach disposition relatively quickly and with little more effort than would be expended herein if Siemens AG were now to become a defendant. It is high time for this action to be resolved, and plaintiffs' motion is, accordingly, denied.

SO ORDERED.