434

Eva Pearl WALL and C. A. Thompson, Sheriff, Ancillary Administrator of the Estate of Norman H. Wall,

v.

The CHESAPEAKE AND OHIO RAILWAY COMPANY, a corporation.

Misc. No. 54.

United States Court of Appeals Fourth Circuit.

Dec. 7, 1964.

David T. Kennedy, Beckley, W. Va., for Eva Pearl Wall and others.

Edwin W. Conley and Amos A. Bolen, Huntington, W. Va., for the C & O Ry. Co.

Before HAYNSWORTH, BRYAN, and J. SPENCER BELL, Circuit Judges.

PER CURIAM.

Petitioners seek review under Title 28 U.S.C.A. § 1292(b) of an order of the district court denying their motions to amend their complaints in personal injury and death actions arising out of the same accident. The female plaintiff and her deceased husband were the passenger and driver, respectively, of an automobile which broke through a bridge guard rail and went down an embankment onto the defendant's tracks where the car, while on its top, was struck by a train, causing injury and death. The original complaints alleged negligence in the operation of the train; the amendments would charge the railroad with statutory negligence in the maintenance of the bridge guard rail and approaches. The motions to amend, which were filed after the statute of limitations had run, were denied by the trial court in the exercise of its discretion. We are constrained to point out that the record before us fails to disclose any prejudice or unfairness which would result to the defendant if the amendments were allowed by the liberal construction of Rule 15, F.R.Civ.P. to which the plaintiffs are entitled. Foman v. Davis, 371

U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). This is especially true in view of the fact that the trial is now postponed until this petition is acted upon, and the defendant would have ample opportunity to defend on the merits against the amended pleadings. See Tiller v. Atlantic Coast Line R. R., 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465 (1945). We think the facts alleged in the amended pleadings so closely relate to the accident that they could be said to grow out of that occurrence and properly relate back within the provisions of section (c) of Rule 15. Barthel v. Stamm, 145 F.2d 487 (5th Cir. 1944), cert. denied, 324 U. S. 878, 65 S.Ct. 1026, 89 L.Ed. 1430 (1945). The statutory negligence question could be preserved by special interrogatories to the jury, and by so treating the matter, the court could obviate the necessity of a second trial should those issues be answered in favor of the defendant.

This court in its discretion will deny the petition for appeal from the interlocutory order.

Denied.