**R.J. REYNOLDS TOBACCO COMPANY, Plaintiff,**

v.

**SOUTHERN RAILWAY COMPANY, Defendant.**

**No. C–85–709–WS.**

United States District Court, M.D. North Carolina, Winston-Salem Division.

April 10, 1986.

Vance Barron, Jr., William Sam Byassee, Greensboro, N.C., for plaintiff.

L.P. McLendon, Jr., Jill R. Wilson, Greensboro, N.C., for defendant.

## ORDER

RUSSELL A. ELIASON, United States Magistrate.

This matter comes before the Court on defendant's motion for leave to amend the answer pursuant to Fed.R.Civ.P. 15(a). The proffered amendment would add the defenses of contributory negligence, assumption of risk, and failure to mitigate loss.[1] Defendant asserts that the factual basis for these amendments only came to light during a deposition conducted in December, 1985, a transcript of which was not received from plaintiff's counsel until February, 1986.

Plaintiff opposes the motion, contending the time for amending pleadings set forth in the Initial Pretrial Scheduling Order has long since past, the matter is set for arbitration this month, discovery has ended, and the factual basis for the amendment was known to defendant prior to the time it alleges, all of which is said to demonstrate prejudice to plaintiff. Alternatively, plaintiff claims the amendments are irrelevant to this action, brought under the Carmack Amendment, 49 U.S.C. § 11707, and will serve only to confuse arbitration and prejudice plaintiff. Finally, plaintiff asserts defendant waived the amendments by failing to plead them in the original answer, citing Fed.R.Civ.P. 8(c).[2]

Defendant replies that plaintiff's counsel was informed of its intention to seek amendment after the deposition of plaintiff's agent who admitted reloading the subject products into the contaminated railway car, but nevertheless delayed in providing defendant a transcript of the deposition. Defendant alleges discovery is still not complete, as plaintiff has not responded to all its requests for discovery and experts are still being deposed, and that none of the discovery thus far prejudices plaintiff's position. Finally, defendant argues that the amendments will not prejudice plaintiff because it had prior knowledge of the existence of the underlying facts (i.e., the conduct of its own agents) upon which the amendments are premised, but that denial of the amendments would pose substantial prejudice to defendant.

Under Rule 15(a) leave to amend "shall be freely granted when justice so requires." Generally, delay in tendering the amendment alone "is not sufficient reason to deny leave to amend. The delay must be accompanied by prejudice, bad faith or futility." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir.1986). In the instant case, the Court finds that two of defendant's requested amendments should be denied for being futile, but that there is an insufficient showing of delay and prejudice to deny the third.

Turning first to delay, the Court finds it to be somewhat unjustified and not insubstantial. Defendant's motion to amend was filed March 7, 1986, approximately ten months after the filing of the complaint, seven months after the filing of the original answer, over a month after the scheduled close of discovery, and over five months after the time allowed for amendment of pleadings set forth in the Initial

---

1. Defendant's motion contains a prayer for relief including the addition of a defense of estoppel. However, the amendments sought do not add such a defense and it does not appear in the body of the motion. Therefore, the Court considers it a typographical or scribner's error not requiring further consideration.

2. Although it is true that failure to plead affirmative defenses results in waiver, it is also true that an amendment under Rule 15, Fed.R.Civ.P., effectively avoids waiver. 5 Wright & Miller *Federal Practice and Procedure*, § 1278, 344–45 (1969 & Supp.1985). Therefore, no further consideration of this contention need be given.

Pretrial Scheduling Order.[3] Defendant justifies this delay by arguing that the factual basis for the proffered amendments arose from the December deposition, for which a transcript was not available until February, 1986.

The Court finds defendant's argument untenable. First, defendant likely had notice of the agent's reloading the subject merchandise from a shipping report when the shipment was returned. *See* Pleading no. 20 and A–1. Second, defendant admits it knew the facts at the agent's December deposition and fails to explain why it was necessary to await a transcript prior to seeking leave to amend. Defendant's argument ignores the concept of notice pleading provided by the Federal Rules. Therefore, the Court finds defendant's delay from December until March in seeking amendment was unjustified. Moreover, it appears that defendant knew the relevant facts prior to its original answer. This fact, if combined with substantial delay in seeking amendment, could alone serve as a sufficient basis for denying leave to amend. *Tenneco Resins, Inc. v. Reeves Bros. Co.,* 752 F.2d 630, 634 (Fed.Cir.1985); *State Distributors, Inc. v. Glenmere Distilleries,* 738 F.2d 405, 416 (10th Cir.1984); *Layfield v. Bill Heard Chevrolet,* 607 F.2d 1097, 1099 (5th Cir.1979), *cert. denied,* 446 U.S. 939, 100 S.Ct. 2161, 64 L.Ed.2d 793 (1980). However, on the facts of this case, the delay alone is not sufficient to justify denying the amendment.

■ Next, the Court examines whether defendant's delay in seeking amendment may be prejudicial to plaintiff. Two of the amendments directly dispute liability. They raise a new theory of defense and will require a new factual inquiry by plaintiff. Of course, plaintiff's task is lightened by the fact that it had knowledge of the relevant circumstances underlying the new defenses since the acts were performed by its agents and thus, it will be easier for plaintiff to prepare for arbitration. Nevertheless, plaintiff will be forced to reinvestigate the facts and perhaps duplicate prior discovery, and at a minimum, discover the full contours of defendant's new defenses on the eve of the arbitration hearing. The fact that other aspects of discovery are still continuing does not assuage plaintiff's plight. It merely demonstrates a fluid pretrial situation where "surprises" may well be expected. Adding last minute defenses in this situation increases, not reduces, the hazard to plaintiff. Prejudice arises here because defendant raises a new legal theory shortly before the hearing which requires gathering and analysis of new facts. *Johnson, supra,* 785 F.2d at 510. Postponing the hearing also results in cognizable prejudice to plaintiff. *Nat'l Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc.,* 747 F.2d 1396, 1404 (11th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2120, 85 L.Ed.2d 484 (1985) (duplicative discovery); *DeBry v. Transamerica Corp.,* 601 F.2d 480, 492 (10th Cir.1979) (trial postponed).

While the Court has determined that defendant's dilatory amendments likely will prejudice plaintiff, it must still consider whether the factors of delay and prejudice apply equally to an amendment requested prior to an arbitration hearing as to one sought prior to a trial. The Court is not persuaded that the legal analysis in deciding Rule 15 motions should be materially different because this case involves court-annexed arbitration from which the parties may seek a trial de novo. *See* Local Rule 610. The instant situation is not analogous to that where a new trial has been granted which effectively eliminates the prejudice

---

**3.** Because this case was set for arbitration in the court-annexed arbitration program, Local Rule 601, *et seq.,* the Clerk entered the scheduling order setting the time for making amendments to the pleadings. This Order cannot be deemed a Rule 16(b), Fed.R.Civ.P., scheduling order governing amendments as it was not made by a district judge or magistrate after consultation with the parties or counsel. Thus, the Court need not resolve the question of whether the strictures of Rule 16(b), which prohibit an amendment of a scheduling order, absent good cause, may serve as a limitation on Rule 15's directive to freely grant amendments. However, defendant's violation of the scheduling order serves to make the delay, on its face, unreasonable and may be considered by the Court.

of surprise before or during trial or of a delayed trial. *See Johnson, supra,* 785 F.2d at 510. A re-trial involves an exception to the process of resolving the controversy. It necessarily requires duplication of time and expense due to some serious error or happenstance. Because the parties must begin again, a re-trial provides a natural breaking point where new ideas may be added without serious disruption, since some of the old ideas must be re-thought in any event.

■ The arbitration hearing, on the other hand, is part of the continuous trial process in resolving the dispute. Interruption of that process increases costs to the parties and the time taken in resolving the dispute. This Court instituted court-annexed arbitration to promote inexpensive and speedy resolution of relatively minor controversies. Permitting tardy amendments will merely lead to increased demands for trial de novo. Delaying the hearing can delay the ultimate resolution of the controversy, much like a delayed trial. However, it is also true that the informal nature of the arbitration hearing may more readily accommodate delayed amendments and rescheduled hearings. Therefore, the Court concludes that in ruling on a motion to amend the pleadings made immediately before an arbitration hearing, the Court should consider with slightly reduced rigor, the factors of delay and prejudice, as are appropriate to a trial setting. In the instant case, the Court need not decide whether application of this standard to the delay and prejudice previously considered justifies denying the entire amendment, because when the factor of futility is added to the equation, the product requires denial of two of the requested amendments.

■ To deny an amendment of the pleadings on the basis of futility, the Court must find it to be "clearly insufficient or frivolous in its face." *Johnson, supra,* 785 F.2d at 510 (complexity of argument proves amendment not frivolous). In this case, an amendment asserting the affirmative defenses of contributory negligence and/or assumption of risk would be futile and, therefore, need not be allowed. *Emory v.*

*Texas State Bd. of Medical Examiners,* 748 F.2d 1023, 1027 (5th Cir.1984). Plaintiff's brief in opposition to the requested amendments avers that a defendant may avoid liability under the Carmack Amendment *only* if it shows both its own lack of negligence and one of five specific defenses to liability, to wit: Act of God, Public Enemy, Act of Shipper, Public Authority, or Inherent Vice, and that the damage was due *entirely* to one of these five exceptions. Under this interpretation, the affirmative defenses of contributory negligence or assumption of risk are irrelevant to this action, as they would be in avoidance of liability. Defendant, although replying to plaintiff's objection generally, does not address or deny plaintiff's legal analysis. Therefore, the Court finds defendant accedes to the futility argument as to those two defenses, and the amendments shall be denied.

■ However, the proffered amendment of failure to mitigate damages does not involve the issue of liability for the loss, but the measure of damages incurred by such liability. Cursory research reveals mitigation is relevant to the damage award under the Carmack Amendment. *See Reed v. Aaacon Auto Transport, Inc.,* 637 F.2d 1302, 1305 (10th Cir.1981). Therefore, plaintiff's interpretation does not render this amendment futile and the Court must decide whether application of the less rigorous standard to the delay and prejudice previously discussed justifies denying this specific amendment. On the facts of this case, the Court will exercise its discretion and permit the amendment. This amendment does not involve a defense to liability, but only to damages. Thus, the potential for harm to plaintiff is less. Defendant evidently advised plaintiff in detail of its intention to amend in advance of filing the motion and prior to the end of discovery. Plaintiff has not particularized the alleged prejudice of having to meet the defense of failure to mitigate damages. It should also be noted that defendant has the burden of proof on the failure to mitigate issue. The new defense largely involves acts of plaintiff's own employees. Finally, and importantly, the amendment was filed one and

one-half (1½) months prior to the hearing, as opposed to a few days prior to the hearing. Considering these mitigating factors, the Court concludes that the delay and prejudice found present here are insufficient, considered under the less rigorous standard, to deny leave to amend. However, defendant should be held accountable for any duplicative discovery efforts necessitated by the tardy amendment.

IT IS THEREFORE ORDERED that defendant's motion for leave to amend the answer be granted in part to allow plaintiff's alleged failure to mitigate damages to be added to the answer.

IT IS FURTHER ORDERED that defendant's motion for leave to amend the answer be denied to the extent plaintiff's alleged contributory negligence and assumption of risk are sought to be added to the answer.

IT IS FURTHER ORDERED that defendant pay any cost incurred by plaintiff in duplicative discovery or delay in the arbitration proceeding directly caused by the amendment allowed.