Roxanne **BOHAN, et al., Plaintiffs,**

v.

Thomas **HUDSON, Defendant.**

No. 85–122–CIV–3.

United States District Court,
E.D. North Carolina,
Fayetteville Division.

March 18, 1987.

Robert J. Willis, Farm Worker Legal Services of N.C., Inc., Raleigh, N.C., Michael Guare, Florida Rural Legal Services, Inc., Bartow, Fla., for plaintiffs.

Robert S. Griffith, II, Newton Grove, N.C., for defendant.

**ORDER**

WALLACE W. DIXON, United States Magistrate.

Plaintiffs, three migrant agricultural workers, initiated this action against the defendant, a resident farmer, by complaint filed September 16, 1985, alleging that defendant violated fifteen (15) provisions of the Fair Labor Standards Act (FLSA), 29

U.S.C. § 201 *et seq.*, the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. § 1801 *et seq.*, and AWPA's predecessor, the Farm Labor Contractor Registration Act (FLCRA), 7 U.S.C. § 2041, *et seq.* (repealed 14 April 1983). Partial summary judgment has been granted for the plaintiffs on five (5) claims, with the remainder of the allegations still at issue. Order of January 30, 1987 (Dupree, J.). The final pre-trial conference in this case was held on March 16, 1987, and trial is scheduled for March 30, 1987, in Fayetteville.

This matter is now before the court on defendant's motion for leave to amend his answer pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiffs orally responded to defendant's motion at the final pre-trial conference, strenuously objecting to the amendment, thus, this matter is now ripe for disposition.[1]

Defendant proposes to amend his answer to assert the additional defense that he is an exempt employer under the FLSA, 29 U.S.C. § 213(a)(6) and 29 C.F.R. § 576.-33(g), in that he has not utilized more than five hundred man hours of labor during any calendar quarter relevant to plaintiffs' complaint. Plaintiffs argue, *inter alia*, that the motion is untimely, prejudicial, and would result in undue delay of the scheduled trial of this case.

Resolution of the motion at bar requires an initial analysis of the standard for disposition of motions to amend under Fed.R. Civ.P. 15(a). Application of the standard follows this discussion.

◼ Rule 15(a) provides that after a responsive pleading has been served, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In deciding whether to allow defendant's proposed amendments, this court is guided by the Supreme Court's brief discussion of Rule 15(a) in *Foman v.*

*Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should, as the rules require, be 'freely given.'

*See also Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Wall v. Chesapeake & Ohio Railway Co.,* 339 F.2d 434 (4th Cir.1964). Thus, although permission to amend is not automatically granted upon motion, discretion to deny leave to amend is clearly limited by the policies favoring resolution of cases on the merits and the principle embodied in Rule 15(a) that "leave [to amend] shall be freely given when justice so requires."

◼ The fact that the movant seeks to add a new cause of action or defense, extend time limits on an existing one, or has delayed in advancing a new theory for or bar to legal recovery is not grounds for denying the motion. *See, e.g., Fritz v. Standard Security Life Insurance Co. of New York,* 676 F.2d 1356 (11th Cir.1982); *Harkless v. Sweeney Independent School District,* 554 F.2d 1353, 1358–60 (5th Cir.), *cert. denied,* 434 U.S. 966, 98 S.Ct. 507, 54 L.Ed.2d 452 (1977). In order to sustain an opposing party's objections to the proposed amendment, any of the above must be accompanied by prejudice, bad faith, or futility. *Davis v. Piper Aircraft Co.,* 615 F.2d 606, 613 (4th Cir.), *cert. dismissed,* 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980); *accord, United States v. Webb,* 655 F.2d 977, 980 (9th Cir.1981); *Buder v. Merrill, Lynch, Pierce, Fenner & Smith,* 644 F.2d

---

**1.** I note that plaintiff had only minutes to digest defendant's motion before responding since defendant did not file the motion until the morning of the final pre-trial conference.

690, 694–95 (8th Cir.1981). For example, prejudice can result where an amendment is offered shortly before or during trial and raises a new legal theory or defense that requires the gathering and analysis of facts not already considered by the non-moving party. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir.1986); *Roberts v. Arizona Board of Regents*, 661 F.2d 796, 798 (9th Cir.1981); *Lyons v. Board of Education of Charleston*, 523 F.2d 340, 348 (8th Cir.1975); *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir.1973). However, absent prejudice, the mere fact that an amendment is offered even on the day of trial is not enough to bar it. *Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1044 (4th Cir.1984).

■ Applying the above guidelines to this case, I find that defendant's motion to amend should be denied. First, the motion is clearly untimely. Magistrate McCotter's order of July 28, 1986, extended the expiration of discovery from July 20, 1986, to September 19, 1986. Local Rule 4.01, E.D. N.C., states that "*[a]ll* motions in civil cases except those relating to the admissibility of evidence at trial *must* be filed on or before thirty (30) days following the conclusion of the period of discovery." (emphasis added). Defendant's motion to amend was filed over five months past the deadline imposed by the Local Rules. No excuse for this delay was proffered by defendant at final pre-trial, even in rebuttal to plaintiffs' "untimeliness" argument. Given the nature of the defense now asserted, defendant knew or with reasonable diligence should have known from the inception of this lawsuit, or at worst slightly thereafter, whether or not the defense now alleged was available to him.

Second, defendant's delay in seeking amendment is clearly prejudicial to the plaintiffs. As I noted earlier, generally, unexcused delay in seeking an amendment will not act as a bar if no prejudice will ensue to the parties. This decision really involves a balancing process "which weighs the potential for prejudice resulting from granting the amendment against the risk of prejudice to the moving party if the amendment is denied." *H.L. Hayden Co. v. Siemens Medical Systems, Inc.*, 112 F.R.D. 417, 419 (S.D.N.Y.1986) *citing L.D. Schreiber Cheese Company, Inc. v. Clearfield Cheese Company, Inc.*, 495 F.Supp. 313, 315 (W.D.Pa.1980). One of the most important considerations in determining whether the amendment would be prejudicial is the degree to which it would delay the final disposition of the action. *Id.* *See also R.J. Reynolds Tobacco Co. v. Southern Railway Co.*, 110 F.R.D. 95, 97 (M.D. N.C.1986).

In this case, defendant's amendment does not simply clarify an ambiguity in the pleadings; rather, it asserts what amounts to an affirmative defense to an entire cause of action. It will obviously require a new and substantial factual and legal inquiry by the plaintiffs. Plaintiffs will be forced to reinvestigate the facts, perhaps even duplicate some of the prior discovery, in order to discover the full contours of defendant's new defense. *See id.* Depositions of Department of Labor personnel, the defendant, and other employees of the defendant who worked with the plaintiffs would likely be mandated in order to meaningfully discover and possibly defeat the defense now raised. Adding a last minute defense such as the one at bar obviously dramatically increases the hazard to the plaintiffs and, without a continuance of the trial, all but eliminates any effective rebuttal to the same. *Id.*

This case, after many months, has finally reached the eve of resolution. Discovery long ago expired. A motion for partial summary judgment has been decided by Judge Dupree and the matter is ready for trial. The plaintiffs "have an interest in and right to an expeditious determination of [their] claims...." *H.L. Hayden, Co., supra* at 421 *quoting A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 386 (N.D.Ill. 1975). Plaintiffs' complaint contains serious allegations of abuse of migrant farmworkers in violation of three federal laws.

Plaintiffs have already prevailed on five of their allegations by summary judgment. Now that a trial is readily available to them for the remainder of their claims, they are entitled to be heard on the merits. *See R.J. Reynolds Tobacco Co., supra* at 97; *Data Digests, Inc. v. Standard & Poor's Corp.,* 57 F.R.D. 42, 45 (S.D.N.Y.1972). There is a point in the proceedings when the benefit derived from allowing an amendment so as to dispose of all possible claims and defenses in one action on the merits is outweighed by the effect of a postponement of a final decision in the matter at the eleventh hour. *See Benger Laboratories Ltd. v. R.K. Laros Company, Inc.,* 24 F.R.D. 450, 452 n. 2 (E.D.Pa.1959). Given the inexcusable delay in asserting the defense contained in defendant's proposed amendment, I find that point has been reached in this case.

Accordingly, for the reasons stated herein, defendant's motion to amend is DENIED.

SO ORDERED.