Rose McCOY, Plaintiff,

v.

Gary M. GOLDBERG and Gary Goldberg & Company, Inc., Defendants,

Gary M. GOLDBERG and Gary Goldberg & Company, Inc., Third–Party Plaintiffs,

v.

Stephen RUFFINO, et al., Third–Party Defendants.

No. 89 Civ. 8151 (WCC).

United States District Court, S.D. New York.

March 11, 1994.

Parker Chapin Flattau & Klimpl, New York City, for third-party plaintiffs (Stephen G. Rinehart, of counsel).

Dorsey & Whitney, New York City, for third-party defendants NTS–Properties IV, NTS–Properties Associates IV, NTS–Properties V and NTS–Properties Associates IV (James V. Parravani, of counsel).

### OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Plaintiff Rose McCoy instituted this action against defendants Gary Goldberg & Company, Inc., a securities and financial planning concern, and Gary M. Goldberg, its President (together, "Goldberg") asserting claims based on violations of the Racketeer Influenced and Corrupt Organizations Act ("Rico"), 18 U.S.C. § 1961 et seq., the federal securities

laws, common law fraud, and breach of fiduciary duty in connection with plaintiff's purchases of various limited partnership interests. Thereafter, Goldberg filed a Third–Party Complaint against eleven limited partnerships in which plaintiff had invested, seeking contribution and/or indemnification. This action is presently before the Court on Third–Party defendants' NTS–Properties IV, NTS–Properties Associates IV, NTS–Properties V, and NTS–Properties Associates V (collectively, "NTS") motion pursuant to Fed. R.Civ.P. 15(a) to amend their Answer to assert additional affirmative defenses and counterclaims against Goldberg. For the reasons set forth below, we grant NTS's motion and direct that they amend their Answer in accordance with this Opinion within 15 days.

## BACKGROUND

The principal action in this case was commenced on December 8, 1989 and was then dismissed by this Court. Plaintiff thereafter filed an Amended Complaint on November 27, 1990, alleging that defendant/third-party plaintiff Goldberg solicited and urged her to invest the proceeds of her deceased husband's life insurance policy in twelve different limited partnerships that were manifestly unsuitable for her and contrary to the low-risk, liquid investment program she informed Goldberg was necessary to secure her income.

On January 28, 1991, Goldberg filed the Third–Party Complaint against eleven limited partnerships in which plaintiff had invested, including NTS. The Third–Party Complaint alleges that in reliance on various representations made to Goldberg by NTS through sales literature, prospectuses, and other promotional material, Goldberg recommended that plaintiff invest in NTS. Plaintiff then did so. Thereafter, NTS allegedly

did not live up to its "sales pitch," and plaintiff suffered substantial loss. The Third–Party Complaint alleges that Goldberg is entitled to contribution or indemnification from NTS because Goldberg specifically relied on NTS's representations in recommending that plaintiff invest in the limited partnerships.

On April 15, 1991, NTS filed its Answer to the Third–Party Complaint. Thereafter, in October of 1992 and prior to the jury trial of the principal action, this Court severed the third-party actions from the principal action against Goldberg pursuant to Fed.R.Civ.P. 42(b). The trial of the principal action occurred in October of 1992. The jury found for plaintiff solely on the breach of fiduciary duty claim and awarded compensatory damages in the amount of $872,714. We granted defendant's motion for a remittitur of the damages award and reduced the award to $579,677.85. A satisfaction of judgment in the principal action was entered on April 9, 1993.

Meanwhile, the third-party actions remained dormant from the time of severance until a recent status conference held on September 24, 1993. At the status conference, we set a discovery schedule with respect to the third-party claims.

The present motion was filed on December 2, 1993. In sum, NTS argues that because the jury found that Goldberg breached his fiduciary duty to McCoy, he is in breach of certain agreements he entered into with NTS which obligated him to comply with all legal requirements when offering interests in NTS to prospective purchasers. NTS seeks leave to amend its Answer to assert additional affirmative defenses and counterclaims against Goldberg based upon such breaches and upon the *res judicata* and/or collateral estoppel effect of the jury's findings.[1]

---

1. Specifically, the proposed Amended Answer asserts ten affirmative defenses: (1) failure to state a claim upon which relief can be granted; (2) statute of limitations; (3) laches; (4) *res judicata;* (5) collateral estoppel; (6) lack of personal jurisdiction; (7) plaintiff's failure to allege that NTS made any materially false or misleading statements or omissions; (8) no fraud, intent to defraud, or recklessness; (9) plaintiff's allegation that she did not rely upon any material representations or omissions of NTS; and (10) plaintiff's

lack of loss or damage by reason of NTS' conduct.

Furthermore, the proposed Amended Answer asserts six counterclaims against defendant/third-party plaintiff Goldberg: Counts I, II, III, and IV are for breach of contract based on the Dealer Management Agreements and Soliciting Dealer Agreements entered into by Goldberg and NTS; Count V is for contractual indemnification; and Count VI is for indemnification and/or contribution.

## DISCUSSION

Rule 15(a), Fed.R.Civ.P., allows a party to amend its pleading more than twenty days after it has been filed or after the pleading in response thereto has been served only with the court's permission. However, the rule notes that "leave shall be freely given when justice so requires." Accordingly, the Supreme Court has ruled that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should ... be freely given." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

The Second Circuit and this Court have interpreted the *Foman* standard to allow amendments, even if there was substantial delay in seeking the same, unless the movant has acted in bad faith, the amendment will prejudice the non-movant, or the amendment is futile. *See Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987) (motion to amend should be denied only for undue delay, bad faith, futility, or prejudice to opposing party; mere delay, absent a showing of bad faith or prejudice, is not alone grounds for denial of leave to amend) (citations omitted); *Posadas de Mexico, S.A. de C.V. v. Dukes*, 757 F.Supp. 297, 300 (S.D.N.Y.1991) (J. Conner) (party should be given leave to amend unless party's motion is product of bad faith or dilatory motive, or amendment will prejudice adversary or be futile).

Defendant/third-party plaintiff Goldberg argues that NTS's motion for leave to amend the Answer should be denied because NTS inexcusably delayed and acted in bad faith in seeking leave to amend and because Counts I, II, III, and IV of the proposed counterclaims are barred by the statute of limitations. We address each argument in turn.

### A. Bad faith

■ Goldberg first argues that NTS acted in bad faith in waiting two and one-half years to attempt to amend its Answer. He contends that NTS' lack of excuse for delay shows NTS acted in bad faith. He also asserts that Count IV of the proposed counterclaims is a claim for malicious prosecution, brought in bad faith. We find no merit in either of Goldberg's arguments.

First, Goldberg does not point to any evidence that NTS acted in bad faith in waiting two and one-half years to seek leave to amend. On the contrary, the facts tend to negate that the delay was due to bad faith. While it is true that NTS filed its original Answer in April of 1991, the third-party actions were severed from the principal action in October of 1992 and thereafter remained dormant until September of 1993 when we held a conference for the purpose of activating those actions and setting discovery schedules. NTS shortly thereafter brought to our attention its desire to amend its Answer. Because the case was dormant due in part to the Court's action, it is difficult to conclude that the delay alone evidences bad faith.

Second, Count IV of the proposed counterclaims alleges that Goldberg breached his duty of good faith and fair dealing implied in the Dealer/Manager Agreements and Soliciting Dealer Agreements entered into by both parties by, *inter alia*, bringing and continuing to pursue a frivolous claim for indemnification against NTS. Contrary to Goldberg's assertion, Count IV is in no way a counterclaim in the nature of malicious prosecution as a defensive strategy; it is merely a claim for the breach of an implied duty.

### B. Undue delay

Goldberg next argues that NTS unduly delayed in seeking leave to amend its Answer. Specifically, he claims that because NTS has neither shown good cause nor offered a reasonable explanation for its delay in asserting the proposed affirmative defenses and counterclaims, and because NTS was aware of the facts on which the proposed amendments are based at the time it filed its original Answer, we should deny leave to amend. Goldberg, in his moving papers, does not contend that he has been or will be prejudiced by an amendment to the proceed-

ings at this stage of the litigation; rather his argument is based solely on NTS' alleged undue delay.

We disagree with Goldberg's contention that delay alone is sufficient grounds for denying leave to amend. As discussed *supra*, such delay must be accompanied by either bad faith, prejudice, or futility to warrant our denying NTS the "opportunity to test [its] claim on the merits." *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. The cases relied upon by Goldberg are not to the contrary.[2] Because Goldberg has not alleged and the facts do not show [3] that he will be prejudiced by an amendment at this stage in the proceedings, the two and one-half year delay alone is not grounds for this Court to deny NTS' motion.

## C. Futility—Statute of Limitations

Defendant/third-party plaintiff Goldberg argues that NTS should not be granted leave to amend its Answer to add proposed Counterclaims I, II, III, and IV because doing so would be a futile exercise in that those claims are barred by the statute of limitations. *See Diematic Mfg. Corp. v. Packaging Industries, Inc.* 412 F.Supp. 1367, 1373 (S.D.N.Y.

1976) (court may consider the statute of limitations on a motion to amend); *Long v. United States Dep't of Defense*, 616 F.Supp. 1280, 1284 (E.D.N.Y.1985) (leave to amend is properly denied as being futile when the claim asserted in the proposed amendment is barred by the applicable statute of limitations). Proposed Counterclaims I through IV are for breach of the Dealer/Manager Agreements dated August 1, 1983 (re: NTS IV units) and August 1, 1984 (re: NTS V units) and the Soliciting Dealer Agreements dated August 16, 1983 (re: NTS IV units) and August 3, 1984 (re: NTS V units) entered into by Goldberg and NTS for the purpose of authorizing Goldberg to sell partnership interests in the NTS IV and NTS V limited partnerships. Goldberg claims that the alleged breach of the Agreements occurred, if at all, on the dates of the sale of the partnership interests; September 6, 1983 for NTS IV units, and November 30, 1984 for NTS V units. NTS now attempts, the argument goes, to add counterclaims I through IV at a time when the applicable limitations periods for those claims have expired.

We need not reach the statute of limitations issue, however, because the pro-

**2.** *See Goss v. Revlon, Inc.*, 548 F.2d 405 (2d Cir.1976) (court did not abuse its discretion in denying leave to amend when only basis for extended and undue delay was ignorance of the law); *William Iselin & Co., Inc. v. Boardwalk Regency Corp.*, 703 F.Supp. 1084 (S.D.N.Y.1989) (in denying leave to amend, court found undue delay, bad faith, and prejudice); *Smith v. City of New York*, 611 F.Supp. 1080 (S.D.N.Y.1985) (in denying leave to amend, court found that undue delay in seeking to amend pleading would prejudice opposing party and that amendment was futile because it failed to state a claim upon which relief could be granted); *Wrenn v. New York City Health and Hospitals Corp.*, 104 F.R.D. 553 (S.D.N.Y.1985) (in denying leave to amend, court seemed to rely on the inadequately explained 1½ year delay, but also found that permitting the amendment would prejudice non-moving party); *R.J. Reynolds Tobacco Co. v. Southern Railway Co.*, 110 F.R.D. 95 (M.D.N.C. 1986) (in denying leave to amend, court stated that delay alone is not sufficient grounds and found that opposing party would be prejudiced by amendment or that amendment would be futile because frivolous); *UNR Industries, Inc. v. Continental Ins. Co.*, 623 F.Supp. 1319 (N.D.Ill. 1985) (in denying leave to amend, court stated that delay alone is not sufficient grounds and found that opposing party would be prejudiced by amendment or that amendment would be

futile because two of the proposed claims failed to state a claim upon which relief could be granted); *Minor v. Northville Public Schools*, 605 F.Supp. 1185 (E.D.Mich.1985) (in denying leave to amend, court found undue delay and substantial prejudice, and noted that undue delay alone is not sufficient reason to deny leave to amend); *Johnsen v. Rogers*, 551 F.Supp. 281 (C.D.Cal. 1982) (in denying leave to amend, court found eight-month delay without justifiable excuse, but also stated that in any event, proposed amendments failed to state claim upon which relief could be granted).

**3.** The third-party actions have been dormant since they were severed from the principal action prior to trial in October 1992. With the exception of a limited exchange of documents, not much discovery has taken place with respect to the third-party actions. Goldberg has not scheduled depositions of either NTS or the other third-party defendants, and we have not entertained any substantive motions nor set a trial date for these actions. In light of these facts, it will neither prejudice Goldberg nor inconvenience the Court to permit NTS to amend its answer to assert additional affirmative defenses and counterclaims.

posed counterclaims are in the form of recoupment.[4] Recoupment is the right of a defendant to have the plaintiff's claim reduced by reason of a claim the defendant has against the plaintiff arising out of the same transaction on which the plaintiff's claim is based. 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1401 (2d ed. 1990); *First Nat. Bank of Louisville v. Master Auto Serv. Corp.*, 693 F.2d 308, 310 n. 1 (4th Cir.1982). This purely defensive right, which precludes affirmative relief, exists notwithstanding the fact that the defendant's claims would otherwise be barred by the statute of limitations. *See Distribution Services, Ltd. v. Eddie Parker Interests, Inc.*, 897 F.2d 811, 812 (5th Cir.1990). Here, Goldberg's claim that NTS should contribute to or indemnify him because he was found liable to plaintiff in connection with his advising plaintiff to invest in NTS IV and NTS V units is based on the relationship established between Goldberg and NTS by virtue of the aforementioned Agreements. The alleged breach of those Agreements and the damages related thereto arise out of the same transaction or series of events upon which Goldberg's claims against NTS are based.

Because the Agreements are governed by the laws of different states, we address each Agreement separately. The NTS IV Dealer Manager Agreement contains a choice of law provision specifying that Missouri law applies to disputes under the Agreement. Missouri law permits recoupment claims notwithstanding statute of limitations problems. *See Northwest Radiation Oncology v. Goodstal*, 735 S.W.2d 762, 766 (Mo.Ct.App.1987) ("Where the counterclaim is a defense or a setoff, i.e. a recoupment, the statute of limitations is no bar to the counterclaim ... Where the counterclaim seeks affirmative relief by asserting what is essentially a new cause of action ... the statute of limitations properly bars the counterclaim."). Therefore, the pro-

posed counterclaims, insofar as they relate to the alleged breach of the NTS IV Dealer/Manager Agreement, may be brought in the form of recoupment so that they may defeat or diminish Goldberg's claims.

The NTS IV Soliciting Dealer Agreement does not contain a choice of law provision. NTS argues Kentucky law may apply. If so, then Kentucky's fifteen-year statute of limitations for contract actions does not bar the proposed counterclaims because the fifteen years has not yet expired. Ky.Rev.Stat.Ann. § 413.090. Goldberg argues that New York law applies. New York law permits recoupment claims notwithstanding statute of limitations problems.[5] Therefore, the proposed counterclaims, insofar as they relate to the alleged breach of the NTS IV Soliciting Dealer Agreement, may be brought in the form of recoupment so that they may defeat or diminish Goldberg's claims.

The NTS V Dealer Manager Agreement contains a choice of law provision specifying that Kentucky law applies to disputes under the Agreement. Kentucky's fifteen-year statute of limitations for contract actions does not bar the proposed counterclaims because the fifteen years has not yet expired.

Lastly, the NTS V Soliciting Dealer Agreement does not contain a choice of law provision. Again, regardless of whether Kentucky, Missouri, or New York law applies to actions under this Agreement, the proposed counterclaims may be brought in the form of recoupment so that they may defeat or diminish Goldberg's claims.

We note here that Goldberg does not contend that proposed Counterclaims V and VI, for indemnification and/or contribution, are barred by the statute of limitations. Therefore, NTS is granted leave to amend its Answer to add those counterclaims as well.

---

4. NTS represents in its moving papers that its "proposed counterclaims for breach of the Agreements are asserted by way of recoupment seeking to defeat Goldberg's recovery on his third-party claims." Reply Brief in Supp. at 15.

5. CPLR § 203(c) provides:
   A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed, except that if the defense or counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand of the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed.

## CONCLUSION

For the foregoing reasons, third-party defendants NTS' motion to amend the Answer is granted.

**SO ORDERED.**