**RESORTS AND MOTEL ADVANCEMENT DEVELOPMENT AGENCY, LTD., Plaintiff,**

v.

**Stephen SLOAN and Sloan Marine Associates, Defendants.**

**No. 91 Civ. 8258 (DAB).**

United States District Court, S.D. New York.

March 6, 1995.

---

Frederick A. Lovejoy, Bigham Englar Jones & Houston, New York City, for plaintiff.

Patrick J. Maloney, Mendes & Mount, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

BATTS, District Judge:

■ This action was brought by Resorts and Motel Advancement Development Agency, Ltd. ("plaintiff") to recover damages arising out of the sinking of its Hovercraft, the M/V American Skimmer, on May 9, 1991, at a storage facility controlled and operated by Stephen Sloan and Sloan Marine Associates ("defendants"). Plaintiff commenced the action by filing the summons and complaint on December 6, 1991. Issue was joined on February 3, 1992, when defendants filed their answer.[1] Thereafter, defendants filed for bankruptcy protection, resulting in a statutory stay of this action from November 13, 1992 until November 30, 1993. On April 25, 1994, defendants filed this motion to amend their answer to assert counterclaims for salvage and *quantum meruit*. For the following reasons, defendants' motion is granted.

Rule 13(f) states that:

When a pleader fails to set up a counterclaim through oversight, inadvertence, or

---

1. At the time of filing the original answer, defendants were represented by Richard M. Fricke. They are currently represented by the firm of Mendes & Mount.

excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment. Fed.R.Civ.P. 13(f). Courts must read Rule 13(f) together with Rule 15(a), which provides that leave to amend a pleading "shall be freely given when justice so requires." *See Bank of New York v. Sasson,* 786 F.Supp. 349, 352 (S.D.N.Y.1992); *Banco Para El Comercio Exterior De Cuba v. First National City Bank,* 744 F.2d 237, 243 (2d Cir.1981). The United States Supreme Court has emphasized that leave to amend should be denied only under limited circumstances:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should, as the rules require, "be freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Accordingly, the Second Circuit has held that a "motion to amend should be denied only for such reasons as 'undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'" *Richardson Greenshields Securities, Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987), *quoting, State teachers retirement Board v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981); *see also Arbitron Co. v. Tropicana Product Sales, Inc.,* 1993 WL 138965 (S.D.N.Y.) Plaintiff argues that defendants' motion is unduly delayed, made in bad faith, futile and prejudicial. The Court finds no merit to any of plaintiff's assertions.

■ The defendants' motion is not unduly delayed. Although two years elapsed between the filing of the original answer and the filing of this motion, the action had been stayed for one year during that period. Federal courts have excused delays far in excess of two years. Moreover, delay alone is not a sufficient basis for the denial of a motion to amend. *See McCoy v. Goldberg,* 845 F.Supp. 155, 157 (S.D.N.Y.1994). "[D]elay must be accompanied by either bad faith, prejudice,

or futility to warrant" denying defendant the opportunity to test its claim on the merits. *Id.* Plaintiff has not shown any indicia of bad faith on the part of the defendant. It is well settled that "the district court may deny leave to replead if the proposed amendments would be futile". *Arbitron Co. v. Tropicana Product Sales, Inc.,* 1993 WL 138965, at *3 (S.D.N.Y.). Plaintiff argues that defendants' counterclaim for salvage is futile since it is time barred by the statute of limitations. *See* 46 U.S.C.App. § 730 (1975). Defendants' salvage counterclaim, however, would relate back to the date of the original pleading, thereby placing it well within the statutory time period. *See Diematic Manufacturing Corp. v. Packaging Industries, Inc.,* 412 F.Supp. 1367, 1374 (S.D.N.Y.1976) ("amendments under Rule 13(f) relate back to the original pleading under Rule 15(c) so long as the adverse party had adequate notice of the transactions forming a basis for the amended claim").

■ Finally, this Court cannot see how adding counterclaims for salvage and *quantum meruit* would prejudice the plaintiff. Defendant concedes that "plaintiff is not foreclosed from conducting appropriate discovery regarding newly asserted counterclaims." Defendants' Reply Memorandum of Law at 5. To the extent that certain discovery is no longer available as a result of the delay in asserting the claims, this will work to both the defendants' and the plaintiff's detriment. Moreover, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *See United States v. Continental Illinois National Bank and Trust Company of Chicago,* 889 F.2d 1248, 1255 (2d Cir.1989).

For the reasons stated above, the Court hereby grants defendants' motion for leave to file an amended answer with counterclaims. Such answer is to be served on the plaintiff and filed with the Clerk of the Court within 30 days of the date of this opinion.

SO ORDERED.